**Enrique LOPEZ, Appellant,**

v.

**The STATE of Texas.**

**No. 132–99.**

Court of Criminal Appeals of Texas.

May 17, 2000.

---

Robert A. McGlohon, Jr., San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court, which McCORMICK, P.J., and MEYERS, MANSFIELD, KELLER, PRICE, HOLLAND, and WOMACK, J.J., joined.

The court of appeals affirmed Enrique Lopez's conviction but remanded the case to the trial court because of error in the punishment phase of trial. After sentence was pronounced on remand, Lopez filed a motion for new trial alleging error at the guilt-innocence phase of his first trial. We must decide whether the trial court had jurisdiction to consider this motion. We conclude that it did not.

### Procedural History

Lopez was initially convicted of attempted capital murder and sentenced to 50 years in prison. The court of appeals held that the trial court erred in allowing an unqualified reputation witness to testify at the punishment phase of trial, and concluded that the error harmed Lopez.[1] The

---

1. *Lopez v. State*, 860 S.W.2d 938, 944–45 (Tex. App.—San Antonio 1993, no pet.).

court of appeals reversed the punishment verdict and remanded the case for a new punishment hearing.[2] On remand, Lopez was sentenced to life in prison. He again appealed, and this time the court of appeals held the trial court erred in admitting evidence of an extraneous offense, and the error harmed Lopez.[3] The court again remanded for a new punishment hearing.[4]

On second remand, Lopez was sentenced to 99 years in prison. Within 30 days of this sentence, Lopez filed a motion for new trial claiming, among other things, that he received ineffective assistance of counsel at the guilt/innocence phase of his first trial and he received ineffective assistance of counsel on his first appeal for counsel's failure to adequately brief the claim regarding trial counsel's ineffectiveness. The trial court denied the motion.

Lopez appealed, arguing that the trial court erred in denying the motion for new trial because he had demonstrated that he had been denied effective assistance of counsel at the guilt/innocence phase of his original trial and on his first appeal. The court of appeals overruled Lopez's points of error,[5] relying in part on *Davila v. State*[6] and *Easton v. State*.[7] In those cases, the courts of appeals held that upon remand for punishment only, a trial court has no power to grant a new trial based on errors allegedly occurring at the guilt/innocence phase. We granted Lopez's petition for discretionary review, which asks whether a trial court has jurisdiction to consider a motion for new trial when a case is remanded for punishment only.

## Analysis

■ A timely filed notice of appeal vests a court of appeals with jurisdiction over the case.[8] Once the court of appeals obtains jurisdiction, the trial court loses jurisdiction.[9] The trial court cannot thereafter regain jurisdiction unless the court of appeals returns the case to that court.[10]

■ The Rules of Appellate Procedure permit a court of appeals to remand a case on punishment only.[11] When it does so, it is essentially affirming the conviction on guilt/innocence and reversing the conviction on punishment. In such a case, we conclude the trial court's jurisdiction on remand is limited to issues concerning the punishment phase.

■ In this case, the court of appeals remanded the case to the trial court for punishment only. By doing so, it affirmed the guilt-innocence portion of the trial. As a result, the trial court no longer had any jurisdiction over that portion of the trial, and had no jurisdiction to consider Lopez's motion for new trial concerning the guilt-innocence portion of the trial.

Lopez argues that the language of Art. 44.29(b) requires the opposite result. That statute provides, in pertinent part, as follows:

**2.** *Id.* at 947.

**3.** *Lopez v. State*, No. 04–94–00855–CR, 1996 WL 195419 (Tex.App.—San Antonio 1996, no pet.) (not designated for publication).

**4.** *Ibid.*

**5.** *Lopez v. State*, No. 04–97–00319–CR, 1998 WL 741588 (Tex.App.—San Antonio 1998) (not designated for publication).

**6.** 961 S.W.2d 610 (Tex.App.—San Antonio 1997, no pet.).

**7.** 920 S.W.2d 747 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

**8.** *State v. Riewe*, 13 S.W.3d 408 (Tex.Crim. App. 2000); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App.1996).

**9.** *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim.App.1995).

**10.** *See Green*, 906 S.W.2d at 940 n. 4 (by abating the appeal, jurisdiction may be properly returned to the trial court), citing *Duncan v. Evans*, 653 S.W.2d 38, 40 (Tex.Crim.App. 1983); *see also Adkins v. State*, 764 S.W.2d 782, 784 (Tex.Crim.App.1988) (remanding case to court of appeals restores jurisdiction to that court); *Garrett v. State*, 749 S.W.2d 784, 786–87 (Tex.Crim.App.1986) (same).

**11.** Tex.R.App. Pro. 43.2.

If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant ... only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial ...

According to Lopez, when the court of appeals remanded his case on punishment, the cause stood "as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of trial." Lopez explains that once the case proceeded to the punishment stage and the trial court assessed sentence, the Rules of Appellate Procedure came into play. Those Rules, Lopez argues, provide that a motion for new trial may be filed within 30 days from the date the trial court imposes sentence.[12] So according to Lopez, once sentence was pronounced on remand, he was entitled under the Rules of Appellate Procedure to file a motion for new trial alleging error at guilt/innocence.

But Lopez's argument defeats itself. If the language of Art. 44.29 is to be construed literally, then the case is placed back in the position it would have stood "in case the new trial had been granted by the court below." So we would have to suppose that the trial court has already granted a motion for new trial, but the court commences that new trial as if a finding of guilt had already been returned. In such a case, there is no reason for a defendant to file another motion for new trial based upon the events occurring at his first trial. Once the initial motion for new trial is granted, any subsequent motion for new trial based on the same events would be superfluous.

In addition, Lopez's theory would render Art. 44.29 meaningless. That is, the statute was enacted in order to give an appellate court the authority to remand a case on punishment only.[13] If, after remand, the trial court has the authority to reconsider issues from the guilt-innocence portion of the trial, the appellate court's remand "on punishment only" is rendered meaningless. We believe that to give effect to Art. 44.29(b), a remand on punishment only must limit a trial court's jurisdiction to only punishment issues.

Finally, when the Legislature granted this Court rule-making authority, it expressly provided that the rules could not abridge, enlarge, or modify the substantive rights of a litigant.[14] Lopez would use a rule of appellate procedure, Rule 21.4, to enlarge upon the substantive rights of a litigant provided by the Legislature in Art. 44.29. This we cannot do.

### Conclusion

We conclude that when a court of appeals remands a case to the trial court on punishment only, the trial court's jurisdiction on remand is limited to punishment issues. The trial court has no jurisdiction at that point to entertain a motion for new trial which complains of error occurring at the guilt-innocence phase of the trial.

We affirm the decision of the court of appeals.

JOHNSON, J., delivered a concurring opinion.

JOHNSON, J., filed a concurring opinion.

I concur in the judgment of the court.

In 1991, appellant was tried for and convicted of attempted capital murder. He appealed that conviction, complaining of jury charge error, improper jury argument, the denial of his right to voir dire a

---

12. TEX.R.APP. PRO. 21.4(a).

13. *See Rent v. State,* 982 S.W.2d 382, 385 (Tex.Crim.App.1998).

14. *Lyon v. State,* 872 S.W.2d 732, 735 (Tex. Crim.App.1994); TEX. GOV'T CODE § 22.108(a).

reputation witness, and ineffective assistance of counsel. *Lopez v. State*, 860 S.W.2d 938, 940 (Tex.App.—San Antonio 1993, no pet.)(*Lopez I*). In 1993, the court of appeals considered all grounds, but found for appellant only on the denial of voir dire, which occurred at the punishment hearing. The court of appeals thus reversed only as to punishment and remanded for a new punishment hearing only. *Id.* at 944–46.

Appellant was retried as to punishment only in November, 1994. After appellant's appeal of the second punishment hearing, the court of appeals again reversed and ordered a third punishment hearing. *Lopez v. State*, No. 04–94–00855–CR, 1996 WL 195419 (Tex.App.—San Antonio, Apr. 24, 1996, no pet.)(not designated for publication)(*Lopez II*).

Prior to the third punishment hearing on January 17, 1997, appellant filed a motion for new trial, claiming ineffective assistance of counsel during the original trial in 1991. After a hearing, the trial court denied the motion.[1] The trial court imposed sentence in open court on January 23, 1997. Thereafter, on February 24, 1997, appellant filed a post-trial motion for new trial on the same ground and added a complaint of ineffective assistance against his first appellate counsel[2] for failing to "preserve a point of error on appeal."[3] That motion was timely filed, as February 23 fell on Sunday. Tex.R.App. P. 4.1. The trial court denied the motion without a hearing.[4]

In his appeal of the third punishment hearing, appellant asserted that the trial court erred in (1) denying the motion for new trial based on ineffective assistance of counsel during the original trial; (2) denying the motion for new trial based on ineffective assistance of counsel on appeal from the original trial; and (3) refusing to conduct a hearing on the motion for new trial based on ineffective assistance of counsel on appeal from the original trial. *Lopez v. State*, No. 04–97–00319–CR, 1998 WL 741588 (Tex.App.—San Antonio, Oct. 21, 1998)(not designated for publication)(*Lopez III*). The court of appeals affirmed the trial court, stating that the court of appeals is "limited to reviewing error that allegedly occurred during the punishment retrial." Id. Because none of appellant's complaints involved the third punishment hearing, the court of appeals declined to address those complaints and pointed out that the proper remedy is a post-conviction writ of habeas corpus. Id. This appeal followed.

Appellant had the opportunity to raise all of his complaints about the original trial in *Lopez I*. Any issues from guilt/innocence which were not raised in *Lopez I* were waived. Any complaints about ineffective assistance of counsel on appeal from the original trial could and should have been raised in *Lopez II*. As they were not, they also have been waived. The Court of Appeals was correct in its assessment of the limits on its authority and in its statement of proper remedy.

---

1. The trial court was correct in denying the pretrial motion for new trial; none of appellant's complaints fit within the statutory requirements of Tex.Code Crim. P. art. 40.001(newly discovered material evidence) or Tex.R.App. P. 21.3.

2. Counsel in the original trial were not counsel on appeal in *Lopez I*.

3. It appears that the original appellate counsel failed to properly brief the complaint of ineffective assistance of counsel at the original trial. This failure is now alleged as ineffective assistance on appeal.

4. The trial court was also correct in denying the post-trial motion for new trial under Tex. Code Crim. P. art. 40.001, Tex.R.App. P. 21.3., and lack of jurisdiction over counsel on appeal.