COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-362-CR
CLETUS SCHWANA PATTERSON       
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
        STATE
------------
FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
------------
OPINION
------------
When Appellant Cletus Schwana Patterson
originally appealed her conviction, we reversed the trial court's judgment on
punishment and remanded the case only for a new punishment hearing. See
Patterson v. State, 46 S.W.3d 294, 307 (Tex. App.--Fort Worth 2001, no
pet.). After her retrial on punishment, a jury sentenced Appellant to eight
years' confinement on two counts. In three points, she appeals from that
sentence. We will affirm.
Background
In two counts, Appellant was indicted in
Hood County, Texas, of felony offenses of injury to her children. She pled not
guilty, the case was tried to a jury, and she was found guilty on both counts.
The trial court sentenced Appellant to a term of twenty-three years'
confinement, and she appealed. Id. at 299. In the first appeal, we held
that the evidence was not legally sufficient to prove that Appellant knowingly
caused serious bodily injury to her two children, but it was legally sufficient
to support a conviction for the lesser included offense of reckless injury to
the children. Id. at 303. We further held that under Texas Code of
Criminal Procedure article 37.09(3), the trial court's charge allowed the jury
to convict Appellant of the lesser included offense of reckless injury to the
children. Id. Because the jury found that Appellant knowingly caused
serious bodily injury to her two children, we held that it necessarily found
sufficient proof to support a finding that she caused them serious bodily
injury. Id.; see Tex. Penal Code Ann. § 6.02(e) (Vernon
1994). When an appellate court holds that the evidence is not legally sufficient
to sustain a conviction, it may modify the trial court's judgment to reflect a
conviction for a lesser included offense if the evidence supports it. Patterson,
46 S.W.3d at 304; see Tex. R. App. P. 43.2(b). We therefore modified
the trial court's judgment to show that Appellant was convicted of two counts of
the lesser included offense, reckless injury to a child by omission resulting in
serious bodily injury, and affirmed the judgment as modified. Patterson,
46 S.W.3d at 307. We reversed the trial court's judgment only as to Appellant's
punishment and remanded the case to the trial court to conduct a new sentencing
hearing. Id. In the new hearing, Appellant was sentenced to eight
years' confinement on each count. From that hearing, Appellant now appeals.
Points One and Two
Appellant's first and second points
respectively contend that the evidence admitted at the guilt/innocence stage of
her trial is not sufficient to prove that she negligently, by omission, caused
serious bodily injury to her daughter and son. The State, however, argues that
those points are not properly before us for review, and we agree.
In 1997, Appellant lived in her small home
with her nine-year-old son, his eleven-year-old sister, and Appellant's
boyfriend, Bobby Woods. There was a distance of only fifteen feet between
Appellant's bed and her children's bed, separated by a wall that did not reach
the ceiling. In one bedroom, one could hear a conversation from the other
bedroom. During the night of April 30, Appellant's boyfriend, Bobby Woods,
assaulted Appellant's daughter in her bed and about 3:30 a.m. forced each of
Appellant's children to climb out a window to exit the home. Appellant made no
effort to intervene and did not report the events to law enforcement officials
until after 6:00 a.m. that morning. The deceased body of Appellant's daughter
was later found, and the son was found alive, but injured. Bobby Woods is now
serving a life sentence for his conviction of the attempted capital murder of
Appellant's son. See Woods v. State, 4 S.W.3d 445, 447 (Tex. App.--Fort
Worth 2000, no pet.).
On the issues of Appellant's
guilt/innocence, we already have held that the evidence is legally sufficient to
support a finding that Appellant was aware of and disregarded a substantial and
unjustifiable risk that Woods would seriously injure the children. Patterson,
6 S.W.3d at 304. When, as here, a court of appeals remands a case for
rehearing of punishment only, it is essentially affirming the conviction on
guilt/innocence and reversing the conviction on punishment. Lopez v. State,
18 S.W.3d 637, 639 (Tex. Crim. App. 2000). The trial court no longer has
jurisdiction over the guilt/innocence portion of the trial, and its jurisdiction
on remand is limited to punishment issues. Id. at 640; see also
Rische v. State, 834 S.W.2d 942, 948 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd) (holding that because his conviction had already been affirmed
by the court, appellant who appealed from a retrial of only the punishment phase
could not assert in that appeal any error that occurred during the
guilt/innocence phase of his first trial). A point on appeal of the punishment
retrial that regards matters from the guilt/innocence phase of the trial
presents nothing for our review. See Sanders v. State, 832 S.W.2d 719,
723-24 (Tex. App.--Austin 1992, no pet.). Accordingly, we overrule Appellant's
first and second points.
Appellant's Third Point
In her third point, Appellant contends
that "the trial court erred by automatically admitting all evidence from
the previous trial." As a general rule, we are bound to consider a point on
appeal, even though not technically properly briefed, if our attention is
directed to a specific error of the trial court. See Tex. R. App. P.
38.1(e); Pac. Employers Ins. Co. v. Dayton, 958 S.W.2d 452, 455 (Tex.
App.--Fort Worth 1997, pet. denied). However, a point that is merely an abstract
proposition of law or a general complaint about the trial court's actions is too
general and indefinite to merit our review. Pac. Employers Ins. Co.,
958 S.W.2d at 455; see also Superior Packing, Inc. v. Worldwide
Leasing & Fin., Inc., 880 S.W.2d 67, 69 (Tex. App.--Houston [14th
Dist.] 1994, writ denied); see also John Hill Cayce, Jr., Preserving
Error on Appeal: A Practical Guide for Civil Appeals in Texas, 23 St.
Mary's L.J. 15, 72 (1991). To the extent Appellant's third issue does not state
a specific complaint about a specific piece of evidence, action, inaction, or
ruling of the trial court, we overrule Appellant's third point.
In the body of her argument, however,
Appellant does specifically claim that she should have been permitted to assert
a hearsay objection at her second punishment trial to the readmission of State's
exhibit 109, a videotape of a CPS worker interviewing Cody Patterson. The record
from the guilt-innocence phase of Appellant's trial indicates, however, that her
trial counsel(1) did not object to the admission
of State's exhibit 109. Consequently, any objection to the admission of that
exhibit was waived for all time. See Tex. R. App. P. 33.1(a); Etheridge
v. State, 903 S.W.2d 1, 14 (Tex. Crim. App. 1994), cert. denied,
516 U.S. 920 (1995); Little v. State, 758 S.W.2d 551, 563 (Tex. Crim.
App.), cert. denied, 488 U.S. 934 (1988).
Appellant did claim in her first appeal
that her trial counsel was ineffective for a variety of reasons, including the
failure to object to State's exhibit 109. We held that because Appellant did not
raise counsel's ineffectiveness in her motion for new trial and did not put on
evidence at a motion for new trial hearing, the record before us did not reflect
trial counsel's reasons for failing to object. Patterson, 46 S.W.3d at
306. We noted that in such situations, ineffectiveness complaints are better
presented within the framework of a post-conviction writ of habeas corpus. Id.
Consequently, because any error concerning
the admission of State's exhibit number 109 was not preserved for our review and
because we held in Appellant's first appeal that the record before us did not
reflect trial counsel's reasons for failing to object to the admission of
exhibit 109, we hold that under these circumstances the trial court did not
abuse its discretion by readmitting State's exhibit 109 at Appellant's second
punishment trial without allowing Appellant to make objections. We overrule
Appellant's third point.
Conclusion
Having carefully considered and overruled
each of Appellant's points, we affirm the trial court's judgment.
                                                                           
DIXON W. HOLMAN
                                                                           
JUSTICE
PANEL B: HOLMAN, GARDNER, and WALKER, JJ.
PUBLISH
[DELIVERED FEBRUARY 13, 2003]

1. Appellant's present attorneys handled her first appeal,
her second punishment trial, and this appeal, but not her original trial.