PATTERSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-362-CR

CLETUS SCHWANA PATTERSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

OPINION

------------

When Appellant Cletus Schwana Patterson originally appealed her conviction, we reversed the trial court’s judgment on punishment and remanded the case only for a new punishment hearing.  
See
 
Patterson v. State
, 46 S.W.3d 294, 307 (Tex. App.—Fort Worth 2001, no pet.).  After her retrial on punishment, a jury sentenced Appellant to eight years’ confinement on two counts.  In three points, she appeals from that sentence.  We will affirm.

Background

 In two counts, Appellant was indicted in Hood County, Texas, of felony offenses of injury to her children.  She pled not guilty, the case was tried to a jury, and she was found guilty on both counts.  The trial court sentenced Appellant to a term of twenty-three years’ confinement, and she appealed.  
Id.
 
at 299.  In the first appeal, we held that the evidence was not legally sufficient to prove that Appellant knowingly caused serious bodily injury to her two children, but it was legally sufficient to support a conviction for the lesser included offense of reckless injury to the children.  
Id.
 at 303.  We further held that under 
Texas Code of Criminal Procedure article 37.09(3), the trial court’s charge allowed the jury to convict Appellant of the lesser included offense of reckless injury to the children. 
 Id.  
Because the jury found that Appellant knowingly caused serious bodily injury to her two children, we held that it necessarily found sufficient proof to support a finding that she caused them serious bodily injury.  
Id.
; 
see 
Tex. Penal Code Ann.
 § 6.02(e) (Vernon 1994).  When an appellate court holds that the evidence is not legally sufficient to sustain a conviction, it may modify the trial court’s judgment to reflect a conviction for a lesser included offense if the evidence supports it.  
Patterson, 
46 S.W.3d at 304; 
see
 
Tex. R. App. P.
 43.2(b).  We therefore modified the trial court’s judgment to show that Appellant was convicted of two counts of the lesser included offense, reckless injury to a child by omission resulting in serious bodily injury, and affirmed the judgment as modified.  
Patterson,
 46 S.W.3d at 307.  We reversed the trial court’s judgment only as to Appellant’s punishment and remanded the case to the trial court to conduct a new sentencing hearing.  
Id.
  In the new hearing, Appellant was sentenced to eight years’ confinement on each count.  From that hearing, Appellant now appeals.

Points One and Two

Appellant’s first and second points respectively contend that the evidence admitted at the guilt/innocence stage of her trial is not sufficient to prove that she negligently, by omission, caused serious bodily injury to her daughter and son.  The State, however, argues that those points are not properly before us for review, and we agree.  

 In 1997, Appellant lived in her small home with her nine-year-old son, his eleven-year-old sister, and Appellant’s boyfriend, Bobby Woods.  There was a distance of only fifteen feet between Appellant’s bed and her children’s bed, separated by a wall that did not reach the ceiling.  In one bedroom, one could hear a conversation from the other bedroom.  During the night of April 30, Appellant’s boyfriend, Bobby Woods, assaulted Appellant’s daughter in her bed and about 3:30 a.m. forced each of Appellant’s children to climb out a window to exit the home.  Appellant made no effort to intervene and did not report the events to law enforcement officials until after 6:00 a.m. that morning.  The deceased body of Appellant’s daughter was later found, and the son was found alive, but injured.  Bobby Woods is now serving a life sentence for his conviction of the attempted capital murder of Appellant’s son.  
See Woods v. State, 
14 S.W.3d 445, 447 (Tex. App.—Fort Worth 2000, no pet.).

On the issues of Appellant’s guilt/innocence, we already have held that the evidence is legally sufficient to support a finding that Appellant was aware of and disregarded a substantial and unjustifiable risk that Woods would seriously injure the children.  
Patterson, 
46 S.W.3d at 304.  When, as here, a court of appeals remands a case for rehearing of punishment only, it is essentially affirming the conviction on guilt/innocence and reversing the conviction on punishment.  
Lopez v. State
, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000).  The trial court no longer has jurisdiction over the guilt/innocence portion of the trial, and its jurisdiction on remand is limited to punishment issues.  
Id.
 at 640; 
see also
 
Rische v. State,
 834 S.W.2d 942, 948 (Tex. App.—
Houston [1st Dist.] 1992, pet. ref’d) (holding that because his conviction had already been affirmed by the court, appellant who appealed from a retrial of only the punishment phase could not assert in that appeal any error that occurred during the guilt/innocence phase of his first trial).  A point on appeal of the punishment retrial that regards matters from the guilt/innocence phase of the trial presents nothing for our review.  
See Sanders v. State
, 832 S.W.2d 719, 723-24 (Tex. App.—Austin 1992, no pet.).  Accordingly, we overrule Appellant’s first and second points.

Appellant’s Third Point

In her third point, Appellant contends that “the trial court erred by automatically admitting all evidence from the previous trial.”  As a general rule, we are bound to consider a point on appeal, even though not technically properly briefed, if our attention is directed to a specific error of the trial court.
  See 
Tex. R. App. P.
 38.1(e);
  Pac. Employers Ins. Co. v. Dayton,
 958 S.W.2d 452, 455 (Tex. App.—Fort Worth 1997, pet. denied)
.  However
, a point that is merely an abstract proposition of law or a general complaint about the trial court's actions is too general and indefinite to merit our review.
  Pac. Employers Ins. Co., 
958 S.W.2d at 455; 
see also
 
Superior Packing, Inc. v. Worldwide Leasing & Fin., Inc.,
 880 S.W.2d 67, 69 (Tex. App.
—
Houston [14th Dist.] 1994, writ denied); 
see also
 John Hill Cayce, Jr.,
 Preserving Error on Appeal:  A Practical Guide for Civil Appeals in Texas,
 23 
St. Mary's L.J. 
15, 72 (1991).  To the extent Appellant’s third issue does not state a specific complaint about a specific piece of evidence, action, inaction, or ruling of the trial court, we overrule Appellant's third point.

In the body of her argument, however, Appellant does specifically claim that she should have been permitted to assert a hearsay objection at her second punishment trial to the readmission of State’s exhibit 109, a videotape of a CPS worker interviewing Cody Patterson.  The record from the guilt-innocence phase of Appellant’s trial indicates, however, that her trial counsel
(footnote: 1) did not object to the admission of State’s exhibit 109.  Consequently, any objection to the admission of that exhibit was waived for all time.  
See
 
Tex. R. App. P.
 33.1(a); 
Etheridge v. State
, 903 S.W.2d 1, 14 (Tex. Crim. App. 1994), 
cert. denied
, 516 U.S. 920 (1995); 
Little v. State
, 758 S.W.2d 551, 563 (Tex. Crim. App.), 
cert. denied
, 488 U.S. 934 (1988).

Appellant did claim in her first appeal that her trial counsel was ineffective for a variety of reasons, including the failure to object to State’s exhibit 109.  We held that because Appellant did not raise counsel’s ineffectiveness in her motion for new trial and did not put on evidence at a motion for new trial hearing, the record before us did not reflect trial counsel’s reasons for failing to object.  
Patterson
, 46 S.W.3d at 306.  We noted that in such situations, ineffectiveness complaints are better presented within the framework of a post-conviction writ of habeas corpus.  
Id.
  

Consequently, because any error concerning the admission of State’s exhibit number 109 was not preserved for our review and because we held in Appellant’s first appeal that the record before us did not reflect trial counsel’s reasons for failing to object to the admission of exhibit 109, we hold that under these circumstances the trial court did not abuse its discretion by readmitting State’s exhibit 109 at Appellant’s second punishment trial without allowing Appellant to make objections.  
We overrule Appellant’s third point. 

Conclusion

Having carefully considered and overruled each of Appellant’s points, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

PUBLISH

[DELIVERED FEBRUARY 13, 2003]

FOOTNOTES
1:
Appellant’s present attorneys handled her first appeal, her second punishment trial, and this appeal, but not her original trial.