NO. 12-02-00198-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


CLYDE PARKS,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS






OPINION


 Clyde Parks ("Appellant") was convicted by a jury of the offense of aggravated robbery.
Upon remand from this court for a new trial on punishment only, Appellant was sentenced to
fourteen years of imprisonment. In two issues, Appellant contends that the trial court erred in
denying his Motion to Expand New Trial and that the evidence was legally and factually insufficient
to support a conviction. We affirm.


Background

 On November 21, 1997, Appellant was indicted on one count of aggravated robbery that
occurred on or about November 5, 1997. (1) On August 18, 1998, Appellant was convicted in absentia
by a jury of first degree aggravated robbery as charged in the indictment. He was sentenced to fifty
years of imprisonment and assessed a fine of $10,000.00. (2) Appellant appealed, and this court
sustained his first issue contending that the trial court erred in failing to permit him to voir dire the
jury on the issue of probation. However, the Court of Criminal Appeals vacated our decision and
remanded the case to us for a harm analysis. After conducting a harm analysis, we reversed and
remanded the case to the trial court for a new trial on punishment only.

 Upon remand, Appellant filed a motion to expand his new trial from punishment only to
include guilt or innocence. The trial court denied Appellant's motion. On June 10, 2002, a new trial
on punishment was held, and a jury sentenced Appellant to fourteen years of imprisonment. This
appeal followed.


Motion to Expand New Trial

 Appellant argues that the trial court erred in denying his Motion to Expand New Trial and
that he is entitled to a new trial on guilt or innocence. As grounds, Appellant alleges that error
occurred in his previous trial during voir dire and, thus, during the guilt or innocence phase of the
trial. The State contends that the trial court had no jurisdiction to hear issues relating to the guilt or
innocence phase of the trial. Appellant's motion is not included in the record. Nonetheless, the State
acknowledges that such motion exists. Therefore, we will address whether the trial court erred in
denying Appellant's Motion to Expand New Trial.

Applicable Law

 Jurisdiction is the power of a court to hear and determine a case. State v. Riewe, 13 S.W.3d
408, 410 (Tex. Crim. App. 2000). A timely filed notice of appeal invokes appellate jurisdiction over
a case. Id.; Lopez v. State, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000). When the trial record is
filed with an appellate court, the trial court loses power to adjudicate the case. Green v. State, 906
S.W.2d 937, 939 (Tex. Crim. App. 1995). Further, once an appellate court acquires jurisdiction, a
trial court cannot regain jurisdiction unless the appellate court returns the case to that trial court. 
Lopez, 18 S.W.3d at 639.

 Article 44.29(b) of the Texas Code of Criminal Procedure allows an appellate court to award
a new trial to a defendant as to punishment only. Tex. Code Crim. Proc. Ann. art. 44.29(b)
(Vernon Supp. 2003); Lopez, 18 S.W.3d at 639; Rent v. State, 982 S.W.2d 382, 385 (Tex. Crim.
App. 1998); see also Tex. R. App. P. 43.2. Upon a new trial as to punishment only, the conviction
on guilt or innocence is affirmed and the conviction on punishment is reversed. Lopez, 18 S.W.3d
at 639. On remand, the trial court's jurisdiction is, therefore, restricted to issues relating to the
punishment phase of the trial. Id.; Patterson v. State, 101 S.W.3d 150, 152 (Tex. App.-Fort Worth
2003, no pet.). Thus, when a new trial is granted as to punishment only, the trial court has no power
to consider or grant a motion for new trial on guilt or innocence. Lopez, 18 S.W.3d at 639; Davila
v. State, 961 S.W.2d 610, 614 (Tex. App.-San Antonio 1997, no pet.); Easton v. State, 920 S.W.2d
747, 749 (Tex. App.-Houston [1st Dist.] 1996, no writ).

Analysis

 We remanded this case to the trial court for a new trial on punishment only. Appellant filed
a Motion to Expand New Trial to include a guilt or innocence stage and that motion was denied by
the trial court. Because of our mandate on remand, the trial court's jurisdiction was limited to issues
concerning the punishment stage of the trial. See Lopez, 18 S.W.3d at 639; Patterson, 101 S.W.3d
at 152. Thus, the trial court had no jurisdiction to consider or grant Appellant's motion to expand
the new trial to include a guilt or innocence phase. See Lopez, 18 S.W.3d at 639; Davila, 961
S.W.2d at 614; Easton, 920 S.W.2d at 749. Therefore, the trial court did not err when it denied
Appellant's motion. Accordingly, Appellant's first issue is overruled.


Evidentiary Sufficiency

 In his second issue, Appellant contends that the evidence is legally and factually insufficient
to support a conviction. Appellant also argues that there is insufficient corroboration of the
accomplice testimony. When appealing from a retrial of only the punishment phase, an appellant
may not allege any error that transpired during the guilt-innocence phase of the trial. Easton, 920
S.W.2d at 749; Rische v. State, 834 S.W.2d 942, 948 (Tex. App.-Houston [1st Dist.] 1992, writ
ref'd). An appeal of the punishment phase is entirely limited to issues pertaining to the retrial of
appellant's punishment. See Sanders v. State, 832 S.W.2d 719, 723-24 (Tex. App.-Austin 1992,
no writ). An issue on appeal of the punishment retrial regarding matters from the guilt or innocence
phase of the trial presents nothing for an appellate court to review. Patterson, 101 S.W.3d at 152;
Sanders, 832 S.W.2d at 723-24. Appellant's complaints regarding the legal and factually
insufficiency of his conviction relate to issues that occurred during the guilt or innocence stage of
the trial. Therefore, Appellant presents nothing for our review. Accordingly, Appellant's second
issue is overruled.


Conclusion

 Based upon our review of the record, we conclude that the trial court did not err in denying
Appellant's Motion to Expand New Trial. Further, we conclude that Appellant's second issue
presents nothing for our review. Therefore, the judgment of the trial court is affirmed.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.


















(DO NOT PUBLISH)



1. A person commits a first degree felony if he commits robbery and causes serious bodily injury to another
or uses or exhibits a deadly weapon. Tex. Pen. Code Ann. § 29.03 (a), (b) (Vernon 2003). A person commits
robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he
intentionally, knowingly, or recklessly causes bodily injury to another, or intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02 (a) (Vernon 2003).
2. The punishment range for a first degree felony is a term of life or not more than ninety-nine years or less
than five years of imprisonment and, in addition, a fine not exceeding $10,000. Tex. Pen. Code Ann. § 12.32
(Vernon 2003).