DANIEL ALVARADO V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-451-CR

DANIEL ALVARADO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Daniel Alvarado appeals from the trial court’s denial of his sworn motion for DNA testing.  The issue before this court is whether the State‘s general unsworn response to Appellant’s specific sworn motion is adequate.  Because we hold that it is not, we reverse the trial court’s order.

Background Facts

On October 12, 2001,  Appellant filed a general, unsworn pro se motion for DNA testing.  On October 30, 2001, the trial court appointed counsel to represent Appellant.  On July 16, 2002, the State filed an unsworn general response.  On August 9, 2002, Appellant’s counsel filed a second motion for DNA testing and personally served it on the prosecutor.  The second motion was sworn and supported by Appellant’s affidavit, specifically asserting that the police and prosecutor in the trial proceedings had mentioned that the State had collected from the complainant a pair of panties filled with semen.  On September 30
, 2002, over six weeks after it had been served with the second motion for DNA testing, the State filed a letter with the trial court stating the following:

In accordance with 64.02(b) of the Code of Criminal Procedure, the State sent this Court its explanation as to why the State is unable to deliver any evidence to the Court by letter dated July 11, 2002 (see copy attached).  Pursuant to that explanation, the State is requesting that the Court sign the enclosed Order denying the Defendant’s motion for DNA testing and enter said Order in the record of the cause.

To this letter the State attached a copy of its response to the original motion, which provided that the State was unable to deliver any evidence because Appellant’s motion was unsworn, was not accompanied by Appellant’s sworn affidavit, and did not specifically describe evidence in the State’s possession.  The response also provided as a reason that: 

“[n]o evidence containing biological material was collected or seized from the Complainant or the Defendant in this case. . . . The only physical evidence collected during the investigation was a written statement from the Defendant and a written statement from the victim’s mother.” 

On that same day, the trial court signed the State’s proposed order denying DNA testing.  Appellant filed a timely notice of appeal.  

The Record On Appeal

Months after Appellant filed his notice of appeal, we received a so-called supplemental reporter’s record of a hearing on the State’s motion to deny DNA testing.  That motion was filed after this court and the State had already received Appellant’s brief in this case.  We note that neither party requested to supplement the record or abate this case for that hearing, nor has either party filed a motion to dismiss this case.  Without addressing the trial court’s jurisdiction to entertain the State’s motion filed after this appeal was underway, we conclude that any proceedings occurring below after we obtained jurisdiction of 
this
 case are outside the record.  That is, neither the State’s motion, the hearing thereon, nor the resulting order is part of the record on appeal in 
this
 case.  We shall therefore not consider them, nor any arguments relying on them.
(footnote: 2)
The Motion, Response, and Order at Issue

The State argues that no appealable order has been entered and that the pro se motion for DNA testing is not in compliance with article 64.01.  The State is correct about the quality of the pro se motion.  The pro se motion for DNA testing is not in compliance with the statute.
(footnote: 3)  The second, sworn motion, however, is in compliance.
(footnote: 4)  The State argues that its response, filed in July 2002 and again as an attachment in September 2002, was a response to the first motion only and, similarly, that the trial court’s order denying DNA testing, entered on September 30, 2002, more than six weeks after the second motion was filed, was only on the first motion.  Appellant appears to agree, but then argues alternatively that if we determine that the record shows that the order denied the second motion, then the State’s response was inadequate under the statute.  We do so determine.

The live motion at the time of the order was the sworn motion filed by Appellant’s appointed counsel; the live response was the State’s letter dated September 25, 2002 with the July 11, 2002 response attached.  Consequently, the September 30, 2002 order denied the live motion that was before the trial court as of that date.

Section 64.01 Requirements

Appellant argues that the State’s response is deficient because it is unsworn and unsupported by attached evidence.  In its brief, the State “concedes that the response filed on July 11, 2002, is insufficient to support the trial court’s Order absent a sworn affidavit attesting to the facts stated therein or in-court testimony supporting the statements made.”  We agree that attaching a sworn affidavit or presenting evidence at a hearing is the better practice for achieving compliance with the statute, even though the statute does not mandate it.
(footnote: 5)  

The statute does mandate, however, that the convicting court require the State to “(A) deliver the evidence to the court, along with a description of the evidence; or (B) explain in writing to the court why the state cannot deliver the evidence to the court.”
(footnote: 6)  Appellant’s affidavit attached to his sworn motion specifically described the evidence at issue: “the victim’s underwear full of semen,” and specifically alleged that both a Lewisville police officer and a Denton County prosecutor involved with his case had told him that they had “the victim’s underwear full of semen.”  The State’s September 25, 2002 letter, with the copy of the July 11, 2002 response attached, contains no explanation of why the State cannot produce “the victim’s underwear full of semen.”  It contains no evidence inventory sheet, no statements by either the trial prosecutor or Lewisville police officers involved with the case, and no indication that those relevant persons were contacted about Appellant’s allegations.  We therefore hold that the State’s response was inadequate under the statute.
(footnote: 7)  Because the trial court did not require the State to submit the explanation mandated by the statute, the trial court abused its discretion.  We therefore sustain Appellant’s point on appeal, reverse the trial court’s order, and remand this case to the trial court for proceedings consistent with this opinion.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 28, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See 
Tex. R. App. P.
 25.2(g) (“Effect of Appeal.  Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate–court mandate.”)
; Ramirez v. State
, 104 S.W.3d 549, 550 (Tex. Crim. App. 2003) (holding trial court’s general jurisdiction expired upon filing of notice of appeal and document introduced at subsequent indigency hearing could not be considered by appellate court for purposes other than indigency determination); 
Farris v. State
, 712 S.W.2d 512, 514 (Tex. Crim. App. 1986) (holding trial court’s power to act in a given case ends when the appellate record is filed in appellate court, except for matters concerning bond, and trial court’s attempt to supplement record was invalid); 
see also Lopez v. State
, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000) (holding once appellate court obtains jurisdiction via a timely filed notice of appeal, trial court loses jurisdiction and cannot regain it unless the appellate court returns the case to the trial court).

3:
See
 Tex. Code Crim. Proc. Ann.
 art. 64.01(a) (Vernon Supp. 2003). 

4:
See id.

5:
See Mearis v. State
, 
No. 04-02-00739-CR, 2003 WL 21796239, at *2 (Tex. App.—San Antonio August 6, 2003, no pet. h.);
 
 
Cravin v. State
,
 95 S.W.3d 506, 509 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); 
see also Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)
.

6:
Tex. Code Crim. Proc. Ann.
 art. 64.02(2).

7:
See id.