Jimmy Ross Bulgier v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-203-CR

JIMMY ROSS BULGIER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This court previously held the evidence legally insufficient to support a judgment against Appellant Jimmy Ross Bulgier for aggravated sexual assault, reformed the judgment to reflect a conviction for the lesser included offense of indecency with a child and remanded the case to the trial court for a new punishment hearing.  
Bulgier v. State
, No. 2-00-143-CR, slip op. at 13-14 (Tex. App.—Fort Worth, May 17, 2001, pet. ref’d) (not designated for publication). The trial court conducted a new punishment hearing and assessed Bulgier’s punishment at confinement for life.  Bulgier then perfected this appeal. Proceeding pro se, Bulgier raises two issues challenging the legal and factual sufficiency of the evidence to support his conviction for indecency with a child. The State argues that Bulgier’s two issues are not properly before us.  We agree.  By modifying Bulgier’s judgment to reflect a conviction for the lesser included offense of indecency with a child, we explicitly found the evidence supporting this offense legally and factually sufficient.  
See id. 
at 13 (stating “[i]n reviewing the record, we find ample evidence to support Appellant’s guilt of indecency with a child”); 
see also Lopez v. State
, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000) (recognizing that when appellate court reverses for new punishment hearing “it is essentially affirming the conviction on guilt/innocence”).  Thus, in an appeal following a remand for a new punishment hearing, an appellant is limited to raising errors that allegedly occurred during the new punishment hearing. 
 Lopez
, 18 S.W.3d at 639; 
Patterson v. State
, 101 S.W.3d 150, 152 (Tex. App.—Fort Worth 2003, pet. ref’d).  Because Bulgier’s two issues do not present issues relating to the new punishment hearing, we overrule them.  
See Patterson
, 101 S.W.3d at 152.  We affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 15, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.