COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-203-CR
  
  
JIMMY 
ROSS BULGIER                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
court previously held the evidence legally insufficient to support a judgment 
against Appellant Jimmy Ross Bulgier for aggravated sexual assault, reformed the 
judgment to reflect a conviction for the lesser included offense of indecency 
with a child and remanded the case to the trial court for a new punishment 
hearing.  Bulgier v. State, No. 2-00-143-CR, slip op. at 13-14 (Tex. 
App.—Fort Worth, May 17, 2001, pet. ref’d) (not designated for 
publication).  The trial court conducted a new punishment hearing and 
assessed Bulgier’s punishment at confinement for life.  Bulgier then 
perfected this appeal.  Proceeding pro se, Bulgier raises two issues 
challenging the legal and factual sufficiency of the evidence to support his 
conviction for indecency with a child.
        The 
State argues that Bulgier’s two issues are not properly before us.  We 
agree.  By modifying Bulgier’s judgment to reflect a conviction for the 
lesser included offense of indecency with a child, we explicitly found the 
evidence supporting this offense legally and factually sufficient.  See 
id. at 13 (stating “[i]n reviewing the record, we find ample evidence to 
support Appellant’s guilt of indecency with a child”); see also Lopez v. 
State, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000) (recognizing that when 
appellate court reverses for new punishment hearing “it is essentially 
affirming the conviction on guilt/innocence”).  Thus, in an appeal 
following a remand for a new punishment hearing, an appellant is limited to 
raising errors that allegedly occurred during the new punishment hearing.  Lopez, 
18 S.W.3d at 639; Patterson v. State, 101 S.W.3d 150, 152 (Tex. 
App.—Fort Worth 2003, pet. ref’d).  Because Bulgier’s two issues do 
not present issues relating to the new punishment hearing, we overrule 
them.  See Patterson, 101 S.W.3d at 152. We affirm the trial 
court’s judgment.
  
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
  
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 15, 2004
 


NOTES
1.  
See Tex. R. App. P. 47.4.