NO. 07-10-00500-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 20, 2012

DAVID HAROLD GREER, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 59,244-B; HONORABLE ABE LOPEZ, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

## ORDER OF ABATEMENT AND REMAND

Appellant David Harold Greer, Jr., has appealed his conviction for felony possession of a controlled substance and resulting sentence of incarceration. Attorney W. Brooks Barfield, Jr. was appointed to represent appellant on appeal and filed an appellate brief on the merits raising two issues. The State's brief also has been filed, and the court notified the parties on January 11, 2012, that the case would be submitted for disposition, on the briefs and without oral argument, on February 1. *See* Tex. R. App. P. 39.8. The court's opinion has not yet been issued.

On March 6, appellant filed a *pro se* document entitled "motion to take judicial notice" in which he states he is no longer represented by appellate counsel and asks us to consider a "supplemental brief" that he previously submitted. The supplemental brief presents an issue not raised by Mr. Barfield.

By our inquiry to the district clerk, we learned then that the trial court had permitted Mr. Barfield to withdraw from his representation of appellant. At our request, the district clerk filed a supplemental record on March 7, containing a motion to withdraw filed by Mr. Barfield and an order of the trial court permitting Mr. Barfield's withdrawal. The order was signed February 17; both the motion and order bear file-marks dated February 22.

According to his motion, Mr. Barfield sought permission to withdraw so that appellant could file a supplemental brief.

In its order, the trial court found good cause for Mr. Barfield's withdrawal but also found that appellant is indigent and entitled to appointment of counsel on appeal. The order contains language providing for appointment of replacement counsel for appellant, but does not actually appoint counsel.

At the outset we note that, as a general rule, in a criminal case, once the record has been filed in the court of appeals, further proceedings in the trial court are suspended until the trial court receives the appellate court's mandate. Tex. R. App. P. 25.2(g). As the Court of Criminal Appeals has characterized it, the trial court loses jurisdiction on the filing of the record in the appellate court. *Lopez v. State*, 18 S.W.3d 637, 639 (Tex.Crim.App. 2000) (citing *Green v. State*, 906 S.W.2d 937, 939

(Tex.Crim.App. 1995)).  The general rule is subject to exceptions, "provided . . . by law or by [the appellate] rules."  Tex. R. App. P. 25.2(g).  The provisions of article 26.04 of the Code of Criminal Procedure, providing for appointment of counsel for indigent criminal defendants, may constitute such an exception.  *See* Tex. Code Crim. Proc. Ann. art. 26.04 (West Supp. 2011); *Meza v. State*, 206 S.W.3d 684, 688 (Tex.Crim.App. 2006).[1]  Nonetheless, after the record has been filed in this court, appointed counsel seeking to withdraw from representing the appellant should file the motion to withdraw in this court.  Tex. R. App. P. 6.5.  If appointment of substitute counsel or other action in the trial court is necessary, this court will abate the appeal and remand the case to the trial court for the necessary action.  *See Meza*, 206 S.W.3d at 688 (stating in cases subject to article 26.04, it is "fitting that a case should be abated to the trial court for substitution of counsel").

Appellant is entitled to counsel through the conclusion of his direct appeal.  Tex. Code Crim. Proc. Ann. art. 26.04 (West Supp. 2011); *Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App. 1997) (the right to counsel on an appeal of right, under article 26.04, ends with the conclusion of the direct appeal; counsel on appeal must inform a defendant of the result of the direct appeal and the availability of discretionary review).

But the law does not permit hybrid representation, partly by counsel and partly *pro se*.  Appellant may not add to the arguments of his counsel's brief through a *pro se* supplemental brief.  *See Ex parte Taylor,* 36 S.W.3d 883, 887 (Tex.Crim.App. 2001)

---

[1] Although *Meza* directly deals with motions to withdraw that accompany appellate briefs filed by appointed counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we find its discussion of article 26.04 instructive generally.  *See Meza*, 206 S.W.3d at 688.

("Appellants are not allowed to have 'hybrid representation' on appeal, in which an appellant and an attorney can present independent points to an appellate court"); *Landers v. State,* 550 S.W.2d 272, 280 (Tex.Crim.App. 1977) (op. on reh'g). *Accord, Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex.Crim.App. 2006).

An attorney accepting appointment under article 26.04 must represent the defendant through the conclusion of the case unless permitted to withdraw "after a finding of good cause is entered on the record." Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2011). Because hybrid representation is not permitted, an attorney does not demonstrate good cause for withdrawal merely by attempting to enable his client to engage in hybrid representation. *See Bibbs v. State,* No. 07-10-0300-CR, 2011 Tex. App. Lexis 9490, at *3-4 (Tex.App.--Amarillo Dec. 2, 2011) (per curiam order) (citing authorities regarding self-representation on appeal, and noting if self-representation were permitted through discretion of appellate court, it would require withdrawal of appointed counsel's brief).

The trial court's order in this case leaves us uncertain of its intentions, so we now abate the appeal and remand the cause to the trial court. As noted, this appeal has been briefed on the merits and submitted to the court for disposition. The trial court shall insure that appellant has counsel.[2] If, on remand, the trial court is satisfied that

---

[2] We do not consider appellant's motion for judicial notice filed March 6 as requesting that he be permitted to represent himself on appeal. Such requests may be considered in the discretion of the court, and are evaluated on a case-by-case basis, considering the best interest of the appellant, the State and the administration of justice. *See Bibbs*, 2011 Tex. App. Lexis 9490, at *4. Even if that were appellant's intention, at this late date in this appeal we would not exercise our discretion to permit appellant's self-representation.

good cause exists for Mr. Barfield's withdrawal as counsel at this point in the appeal, the trial court shall appoint substitute counsel for appellant. If the trial court concludes otherwise, it shall take such steps as it finds necessary to insure appellant's continued representation by Mr. Barfield.

In either event, the trial court shall cause to be prepared a supplemental clerk's record containing any orders the court signs on remand. If the court appoints substitute counsel, the court shall advise us of that attorney's name, address, telephone and fax number, and state bar number. This supplemental record shall be filed on or before March 30, 2012, unless additional time is requested.

Appellant's motion to take judicial notice of his supplemental brief is denied.

It is so ordered.

Per Curiam

Do not publish.