

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| OMAR CALDERON, | § | No. 08-20-00139-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 450th District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Travis County, Texas |
| | § | |
| Appellee. | § | (TC# D-1-DC-20-904007) |
| | § | |

**O R D E R**

Pending before us now is a "Motion for Leave to Withdraw as Appellate Counsel and Substitution of Counsel," filed on June 15, 2020 (pre-transfer), and a "Second Motion for Leave to Withdraw as Appellate Counsel and Substitution of Counsel," filed on July 22, 2020 (post-transfer).[1] Both motions assert that Appellant has since retained a new attorney, Keith S. Hampton, and asks us to permit appointed counsel to withdraw as counsel for Appellant, and to permit Keith S. Hampton to be substituted as appellate counsel pursuant to Rule 6.5 of the Texas Rules of

---

[1] On March 31, 2020, the Supreme Court of Texas issued a transfer order (Misc. Docket No. 20-9048), which transferred Appellant's case from the Third Court of Appeals in Austin to this Court. On June 10, 2020, before the actual transfer had yet occurred, the Reporter's Record of this cause was filed in the Third Court of Appeals. Thereafter, on July 21, 2020, the case records were transferred to this Court and the Clerk of the Court of Appeals for the Third District certified the transfer. Subsequently, the District Clerk of Travis County filed the Clerk's Record with this Court on July 28, 2020.

Appellate Procedure. Both motions are signed solely by attorney Linda Icenhauer-Ramirez.[2] For the reasons that follow, we will abate this appeal for 30 days.

## DISCUSSION

In her Motion for Leave to Withdraw as Appellate Counsel and Substitution of Counsel, Appellant's counsel asserts that the trial court has given permission to withdraw. However, our record contains no order from the trial court permitting such withdrawal of appointed counsel.[3]

Pursuant to Rule 25.2(g) of the Texas Rules of Appellate Procedure, proceedings in the trial court are suspended, once the record has been filed in the court of appeals, until the trial court receives the appellate court's mandate. TEX. R. APP. P. 25.2(g); *see also Lopez v. State*, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000). Nonetheless, by its own terms, this rule is subject to exceptions. TEX. R. APP. P. 25.2(g) (trial court proceedings are suspended "except as provided otherwise by law or by these rules"). In *Meza v. State*, 206 S.W.3d 684, 688 (Tex. Crim. App. 2006), the Court

---

[2] We construe the second motion as merely supplementing the initial motion as both filings request the same relief. Following a jury trial, Appellant Omar Calderon was convicted on two counts of aggravated sexual assault of a child and three counts of Indecency with a Child by Contact. On March 10, 2020, the trial court entered a judgment of conviction for each of the five counts. Appellant filed a notice of appeal and motion for new trial, respectively, on March 18, 2020, signed by attorney Linda Icenhauer-Ramirez, who was appointed as counsel for Appellant on March 11, 2020.

[3] We are reluctant to grant withdrawal under these circumstances without a copy of the trial court's withdrawal order given a history of successive appointments in this case. We note, in this instance, the record shows that Appellant has had several changes of representation to date. Initially, Appellant was represented by attorney James (Andy) Casey, who was assigned on July 2, 2018, after the trial court entered a finding of indigency based on Appellant meeting eligibility requirements. Thereafter, on September 25, 2018, attorney Jason P. Ortega filed a motion to substitute counsel indicating that he had been employed to represent Appellant given that Appellant no longer wanted to be represented by attorney Andy Casey. On September 25, 2018, the trial court entered an order permitting the withdrawal of Andy Casey and the substation of Jason P. Ortega as counsel of record.

On October 22, 2019, attorney Jason Ortega filed a motion to withdraw as counsel indicating that Appellant had failed to comply with the terms of his employment agreement. The trial court found there was good cause for withdrawal of Appellant's attorney and permitted his withdrawal. Subsequently, Appellant again submitted an Indigence Form which indicated that he met eligibility requirements. After entering a finding of indigency, the trial court then assigned attorney Jorge Vela to represent Appellant on October 22, 2019. Thereafter, on February 21, 2020, the trial court entered another finding of indigency and assigned attorney Angelica Cogliano to represent Appellant. Thereafter, both attorney Jorge Vela and attorney Angelica Cogliano represented Appellant throughout pretrial proceedings and the jury trial of the cause. On March 11, 2020, following entry of judgments, the trial court entered another finding of indigency and appointed attorney Linda Icenhauer-Ramirez to represent Appellant.

of Criminal Appeals recognized that article 26.04 of the Code of Criminal Procedure constitutes such an exception to suspension of further trial court proceedings, when its provisions are applicable. Specifically, when defense counsel has been appointed to provide representation in a criminal case, *Meza* recognized that the Legislature has entrusted to the trial court the responsibility over appointed counsel throughout counsel's representation. *Id.*

Two provisions of article 26.04 are particularly relevant here, subparts (c) and (j)(2), which provide as follows:

> (c) Whenever a court . . . determines for purposes of a criminal proceeding that a defendant charged with or appealing a conviction of a felony or a misdemeanor punishable by confinement is indigent or that the interests of justice require representation of a defendant in the proceeding, the court . . . shall appoint one or more practicing attorneys to represent the defendant in accordance with this subsection and the procedures adopted under Subsection (a)[.]

TEX. CODE CRIM. PROC. ANN. art. 26.04(c).

> (j) An attorney appointed under this article shall:
>
> (2) represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record[.]

TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2).

Accordingly, when counsel is appointed by the trial court to represent an indigent defendant on appeal, it remains the trial court's responsibility to relieve appointed counsel, or replace said counsel with other counsel, even after the appellate record has been filed with the appellate court. *See Enriquez v. State*, 999 S.W.2d 906, 907-08 (Tex. App. – Waco 1999, no pet.); *see also Meza*, 206 S.W.3d at 686. Moreover, there is no limitation on the time frame during which the trial court has authority to make the appointment or substitution of counsel in such circumstance. *Enriquez*, 999 S.W.2d at 908. Thus, when appointed counsel seeks to withdraw from representation, *Enriquez* lays out the required course of action, which we also adopt:

- 3 -

If [Appellant] is indigent, the trial court has the authority through the Code of Criminal Procedure to relieve [appointed counsel] of his [or her] duties and appoint new counsel for [Appellant's] appeal. . . . If [Appellant] wants to retain new appellate counsel, the trial court has the authority to replace the appointed counsel.

*Id.*

In *Meza*, the Court of Criminal Appeals approved of the reasoning of *Enriquez*, which found that article 26.04 applied where appointed counsel sought to withdraw and substitute other counsel to pursue an appeal. *Meza*, 206 S.W.3d at 688. The Court described, "it is fitting that a case should be abated to the trial court for substitution of counsel, just as we have held is the correct procedure whenever an *Anders* brief is not well taken." *Id.*

## CONCLUSION AND ORDER

Consistent with the procedure set out in *Meza* and *Enriquez*, we will ABATE this appeal for 30 DAYS to allow the trial court to determine whether there is good cause to allow appointed counsel to withdraw, and, if so, to enter an order granting the withdrawal if no such order has yet issued. If a withdrawal order has already been issued, or one is subsequently entered, Appellant is ordered to supplement the appellate record with the appropriate documentation of such substitution. If the substitution is done in proper form and the proper motion is then made under Rule 6.5(d) of the Texas Rules of Appellate Procedure, the abatement will be lifted and this Court will take further action as appropriate.

IT IS SO ORDERED THIS 7TH DAY OF AUGUST, 2020.

PER CURIAM

Before Alley, C.J., Rodriguez, and Palafox, JJ.

- 4 -