**Order entered December 18, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00670-CR**

**KENNETH WAYNE THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F86-85539-M**

**ORDER**

Before Chief Justice Burns, Justice Myers, and Justice Pedersen

Before the Court is appellant's December 12, 2020 letter which we shall treat as a motion to reconsider our December 8, 2020 order. In the motion, appellant clarifies that he seeks to supplement the record with the reporter's record filed in the Texas Court of Criminal Appeals from appellant's second direct appeal "if required to meet the requirements of preparing an 'Anders' brief being filed," not the 70-volume record from his 1987 original conviction.

In 1987, appellant was tried, convicted, and sentenced to death for capital murder. That conviction was affirmed following a direct appeal to the Texas Court of Criminal Appeals. *Thomas v. State*, No. AP-69,938 (Tex. Crim. App. June 8, 1994) (not designated for publication). In 2010, the court of criminal appeals granted habeas corpus relief as to punishment only. *Ex parte Thomas*, No. AP-76,405 (Tex. Crim. App. Aug. 25, 2010) (per curiam). The trial court held a new punishment hearing in 2014, and appellant again received a death sentence. On direct appeal, the court of criminal appeals held that appellant was entitled to another new punishment hearing because the jury was not presented with the proper diagnostic framework regarding appellant's claim of intellectual disability. *Thomas v. State*, No. AP-77,047, 2018 WL 6332526, at *1–2 (Tex. Crim. App. Dec. 5, 2018) (not designated for publication). On June 4, 2020, after the State withdrew its motion to seek the death penalty, the trial court sentenced appellant to life in prison.

Appellant filed an appeal of the 2020 punishment hearing in which he was sentenced to life in prison. Because the court of criminal appeals already reviewed the 1987 conviction and the 2014 punishment hearing, the only relevant reporter's records for this Court's review are those from hearings held in the trial court after the court of criminal appeals' December 5, 2018 remand for another new punishment hearing. *See Patterson v. State*, 101 S.W.3d 150, 152 (Tex. App.—

Fort Worth 2003, pet. ref'd) (holding that a point on appeal from a punishment retrial that concerns matters from the guilt/innocence phase presents nothing for review); *cf. Lopez v. State*, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000) (observing that, when an appellate court remands a case on punishment only, it effectively affirms the conviction on guilt/innocence and reverses the conviction on punishment, thereby limiting the trial court's jurisdiction to punishment issues). These volumes, # 16 and #17, are on file with the Court.

Because reporter's records from any trial court proceedings held before December 5, 2018 are irrelevant to this appeal, we **DENY** appellant's motion to supplement the appellate record. We **DENY** appellant's motion to reconsider our previous ruling.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE