NO. 07-02-0498-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 27, 2004


____________________________



 IN THE MATTER OF THE MARRIAGE OF


RICHARD BALLENGER AND REBECCA BALLENGER


_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-515,864; HONORABLE MACKEY K. HANCOCK, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Richard Ballenger filed an Agreed Motion to Dismiss on January 21, 2004.
No decision of this Court having been delivered to date, we grant the motion. Accordingly,
the appeal is dismissed. No motion for rehearing will be entertained and our mandate will
issue forthwith. Tex. R. App. P. 42.1. All costs herein having been paid, no order
pertaining to costs is made. 

 James T. Campbell

 Justice



March 31, 2003, appellant filed both a Motion for
New Trial and a Notice of Appeal Subject to Defendant's Motion for New Trial. (1) The
motions were both file-marked by the district clerk's office at 9:19 a.m. On May 16th, the
trial court signed an order granting a new trial. On May 23, 2003, the clerk's record was
filed with the appellate court. The reporter's record was filed on July 7, 2003. 

 The Texas Rules of Appellate Procedure provide that once the record has been filed
in the appellate court, all further proceedings in the trial court-except as provided otherwise
by law or by the Rules of Appellate Procedure-will be suspended until the trial court
receives the appellate-court mandate. Tex. R. App. P. 25.2(g). (2) 

 In Green v. State, 906 S.W.2d 937 (Tex.Crim.App. 1995), the Court of Criminal
Appeals addressed authority of the trial court during an appeal in light of TRAP 40(b)(2),
which was the predecessor to TRAP 25.2(g), and contained the same substantive
provisions. See id. at 939 n.2. Green was convicted of capital murder and the death
penalty was imposed. On direct appeal to the Court of Criminal Appeals, the trial court
record was filed on November 15, 1993. Appellant's brief raised an issue complaining of
the trial court's failure to enter written findings of fact and conclusions of law regarding
appellant's motion to suppress his pretrial statement. On October 27, 1994, the trial court
made written findings concerning the admissibility of the statement. The findings were filed
with the Court of Criminal Appeals on November 23, 1994, via a Supplemental Transcript. 
In holding that the trial court order setting out findings and conclusions was null and void,
the Court of Criminal Appeals specifically noted that under TRAP 40(b)(2), once the trial
record had been filed with a Court of Appeals or the Court of Criminal Appeals, the trial
court no longer had jurisdiction to adjudicate the case. Id. at 939-40.

 In Lopez v. State, 18 S.W.3d 637 (Tex.Crim.App. 2000), the Court of Criminal
Appeals cited Green for the proposition that once an appellate court obtains jurisdiction,
the trial court loses jurisdiction. Id. at 639. The statement in Lopez that the trial court loses
jurisdiction once an appellate court obtains jurisdiction has been cited as precedent and
followed by some Courts of Appeals, see Cochran v. State, 78 S.W.3d 20, 26
(Tex.App.-Tyler 2002, no pet.), but not others. See State v. Kelley, 20 S.W.3d 147, 150
(Tex.App.-Texarkana, 2000, no pet.). 

 In Lopez, the issue was whether a remand on punishment vested the trial court with
jurisdiction to consider a motion for new trial. Lopez, 18 S.W.3d at 349. The statement
in Lopez that once a court of appeals obtains jurisdiction seemingly addressed those points
in an appeal which were beyond the time the record was filed in the appellate court, and
during which, therefore, TRAP 25.2(g) suspended the trial court's authority to adjudicate
the case except as directed by the appellate court. The obtaining of jurisdiction referenced
in Lopez would not seem to reference the time between the invoking of appellate
jurisdiction by filing of the notice of appeal and the filing of the appellate record.

 We conclude that TRAP 25.2(g) and Green should guide our decision. Thus, we
conclude that the filing of appellant's notice of appeal invoked our appellate jurisdiction,
see Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996) (the Rules of Appellate
Procedure do not establish jurisdiction of courts of appeals; the Rules provide procedures
which must be followed in order to invoke appellate jurisdiction); but, because the appellate
record had not been filed when the trial court ruled on appellant's motion for new trial, the
trial court's jurisdiction to consider and rule on the motion had not been suspended. See
TRAP 25.2(g); Donovan v. State, 68 S.W.3d 633, 635 (Tex.Crim.App. 2002) (in interpreting
court rules, the plain language of the rule is a good beginning point); Green, 906 S.W.2d
at 939; Kelley, 20 S.W.3d at 150. That being so, we must now determine our jurisdiction. 
See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996); Olivo, 918 S.W.2d at
523. 

 Appellant timely filed her motion for new trial and the trial court timely ruled on it. 
See TRAP 21.4, 21.8. The trial court's authority to enter the order granting a new trial had
not been suspended. See TRAP 25.2(g). The order granting a new trial resulted in the
judgment of conviction being set aside. Accordingly, there is no judgment or appealable
order on which to base appellate jurisdiction. See TRAP 25.2(c)(2). 

 The appeal is dismissed for want of jurisdiction.


 Phil Johnson

 Chief Justice





Publish. 

 

1. Because of our disposition of the appeal, we do not address the question of
whether an appellant can conditionally invoke appellate jurisdiction.
2. Further reference to a Rule of Appellate Procedure will be by reference to "TRAP
_____."