James Richard **TRAYLOR**, Appellant,

v.

Coy Jean **TRAYLOR**, Appellee.

No. 9814.

Court of Appeals of Texas,
Texarkana.

May 8, 1990.

Alan Mask, Dallas, for appellant.

Michael Peek, Condit, Peek & Young, Texarkana, for appellee.

GRANT, Justice.

James Richard Traylor appeals a post-judgment order granted to Coy Jean Traylor.

James Traylor was divorced from Coy Jean Traylor in 1984. Coy Jean Traylor filed a post-judgment action against him asking for $165 per month for all the months that he had failed to maintain medical insurance on her, and she further asked that he be ordered to continue such payments until she remarried or reached the age of sixty-five. At the time of the divorce, the Traylors entered into a property settlement agreement which was incorporated into the original divorce decree. It contained the following language:

> Husband is to be responsible for maintaining medical insurance on Coy Jean Traylor. Such medical insurance coverage on Wife shall be maintained through any group policies which are maintained through Husband's business, if possible.

> Such medical insurance is to continue until Coy Jean Traylor remarries or reaches 65, whichever comes first.

Coy Jean Traylor was not awarded any monetary relief, but the trial court entered an order requiring that James Traylor

> shall maintain medical insurance coverage on Petitioner, Coy Jean Traylor, beginning April, 1989, and continuing until Coy Jean Traylor remarries or reaches age 65, whichever occurs first.

The court also awarded her $1,000 attorney's fees.

James Traylor contends that the trial court erred because the Family Code allows for clarification of a judgment only if the provision divides community property. He further contends that the trial court erred because the change was more than just a clarification and was substantive in nature. He further argues that it was error to award attorney's fees against him because Coy Jean Traylor was not entitled to the relief she obtained.

James Traylor does not take the position that the provision in question is unambiguous, and he recognizes that Section 3.72 of the Family Code allows a trial court to issue orders in clarification of prior orders.

■ No statement of facts was filed, and we will presume that evidence was offered which would support the order of the court. The case was tried before the court. No findings of fact and conclusions of law and no statement of facts were filed. We must, therefore, presume that the trial court found every fact necessary to support the judgment and that there was sufficient evidence submitted to the court to support each of those facts. *Mercer v. Mercer,* 503 S.W.2d 395 (Tex.Civ.App.–Corpus Christi 1973, no writ). Furthermore, we must affirm the judgment if it could have been granted on any legal theory.

■ Pursuant to Section 3.631 of the Family Code, the trial court is bound to accept a written property division between the parties unless the court finds that the agreement is not just and right. The parties may place in the agreement incident to divorce provisions that could not have been

ordered by the trial court if it had divided the property. Agreements incident to divorce which are incorporated into a final divorce decree are correctly considered as contracts. Therefore, such agreements legal force, effect and meaning are governed by the law of contracts and not by the law of judgments. *Allen v. Allen,* 717 S.W.2d 311 (Tex.1986).

■ Monetary payments by one party to the other after divorce may be required by the trial court if the payments are referable to rights and equities of the parties in and to property at the time of dissolution of the marriage. *Kidd v. Kidd,* 584 S.W.2d 552 (Tex.Civ.App.–Austin 1979, no writ). An order to make future payments, other than for child support, which is not referable to community property is not enforceable by contempt. *Ex parte Duncan,* 462 S.W.2d 336 (Tex.Civ.App.–Houston [1st Dist.] 1970, no writ). In the present case, the payment of premiums after the divorce for medical insurance of one of the parties was not referable to the rights and equities of the parties in and to property at the time of dissolution of the marriage. While it was an agreement that the parties could enter into, it was not a court order for the division of the property that could be enforced by contempt.

■ We shall look at the Family Code provision for clarification (Section 3.72) in its entirety to determine to what type of proceeding the Legislature intended the clarifying orders to apply. The text in full is as follows:

(a) On the motion of either party or on the court's own motion, the court may issue a clarifying order *before a motion for contempt is made or heard,* in conjunction with a motion for contempt, or on denial of a motion for contempt.

(b) On a finding by the court that the original form of the division of property is not specific enough to be *enforceable by contempt,* the court may issue a clarifying order setting forth specific terms to enforce compliance with the original division of property.

(c) A clarifying order may not be given retroactive effect. A reasonable time

shall be provided for compliance before the clarifying order may be enforced by contempt or in another manner.

Tex.Fam.Code Ann. § 3.72 (Vernon Supp. 1990) (emphasis added).

Subsections (a) and (b) of Section 3.72 contain language limiting them to contempt proceedings. The first sentence in Subsection (c) does not expand on their purpose but provides that these orders will not be given retroactive effect. The purpose of the last sentence is to provide for a reasonable time before enforcement of a clarification order. In addition to mentioning enforcement by contempt, this sentence does mention enforcement in another manner. Section 3.72 was intended to apply to property divisions enforceable by contempt. It does not prohibit another method of enforcement after the clarification order is entered. However, the language of Section 3.72 is not broad enough to apply to a provision in an agreement incident to divorce that could not be enforced by contempt and which could not have been ordered by the court as a part of the division of the community property.

■ In James Traylor's argument that Coy Jean Traylor must show that she is entitled to relief under Section 3.72 of the Family Code or she is entitled to no relief at all, he ignores the possibility of a *tertium quid.* Since, as we have previously stated, agreements incident to divorce are enforceable as contracts, could she obtain a clarification of an ambiguity in the agreement under the law of contracts? The Declaratory Judgments Act clearly provides that a person interested in a written contract can have a question of construction determined, and the contract may be construed either before or after there has been a breach. Tex.Civ.Prac. & Rem.Code Ann. § 37.004 (Vernon 1986). Declaratory judgment actions have been held applicable to property settlement agreements incorporated into a divorce decree. *Buck v. Rogers,* 709 S.W.2d 283 (Tex.App.–Corpus Christi 1986, no writ). Coy Jean Traylor's pleadings did not use the term "declaratory judgment," but the court will look to the pleader's intendment. *Reed v. Israel Na-*

*tional Oil Co., Ltd.,* 681 S.W.2d 228 (Tex. App.–Houston [1st Dist.] 1984, no writ). Coy Jean Traylor went to trial on a pleading entitled "First Amended Motion for Enforcement of Agreement Incident to Divorce." A pleading must be judged by its substance and not by its label. *Greenstein, Logan & Co. v. Burgess Marketing,* 744 S.W.2d 170 (Tex.App.–Waco 1987, writ denied). The pleading asked for the following relief:

> Movant prays that the Court award Movant a monetary judgment against Respondent for $165.00 per month for all months such payments are in arrears and to continue such payments until Movant remarries or reaches age 65, whichever comes first.

The order contained the following command language:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Respondent, James Richard Traylor, shall maintain medical insurance coverage on Petitioner, Coy Jean Traylor, beginning April, 1989, and continuing until Coy Jean Traylor remarries or reaches age 65, whichever occurs first.

Even with lenient construction, neither the substance of the pleading nor the language of the order can be construed to constitute a declaratory judgment proceeding. The trial court goes beyond construing the instrument and makes a substantive change by attempting to enter an order which could subject James Traylor to contempt proceedings. The original divorce decree contained no such language, and this construction is beyond a declaration of the meaning of the original provision. The original divorce decree approved and incorporated the agreement setting forth the property settlement, but the decree does not have command language requiring the payment of the wife's medical insurance.

We find that this was not a proper proceeding under Section 3.72 of the Family Code, nor was the relief sought and obtained proper under the Declaratory Judgments Act. The point of error is sustained.

Because we have held that Coy Jean Traylor is not entitled to the relief that she obtained, the award of attorney's fees is set aside.

We reverse and render judgment for James Richard Traylor.