In the Matter of the MARRIAGE OF Joseph C. ALFORD, Jr. and Vicki L. Henson Alford.

No. 06–00–00103–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 6, 2001.

Decided March 7, 2001.

Lawrence S. Rothenberg, Houston, for appellant.

Glenda L. Arceneaux, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Joseph Alford, Jr. (Alford) appeals from the trial court's order granting Vicki Henson Alford's (Henson) petition for enforcement of their 1998 divorce decree. That decree awarded Henson as her separate property, "The total of 200,000.00 [sic] miles from [Alford's] frequent flier miles with Lufthansa." Henson claimed that Alford failed to comply with the decree in that he refused to arrange for the mileage to be redeemed as airline tickets. She requested the trial court to order Alford to redeem the miles and arrange for airline tickets for her or to pay an equivalent sum of money. She further requested the trial court to clarify the divorce decree "in a manner specific enough to allow enforcement by contempt. . . ."

Alford entered a general denial and pled impossibility of performance as an affirmative defense. He alleged that Lufthansa would not transfer miles from one account to another and that Lufthansa would not allow a person other than a spouse to use the mileage. He then filed a motion for summary judgment.

The trial court held a hearing at which it ordered the parties to file a brief explaining their positions. It later signed an order simultaneously denying Alford's motion for summary judgment and granting Henson's petition for enforcement. In its order, the trial court clarified the divorce decree to order Alford to "execute all documents and take all necessary steps to permit" Henson to redeem the miles. It also gave Alford until June 15, 2000, which was twenty-two days, to comply.

■ In four points of error, Alford contends the trial court erred in entering its order in favor of Henson without first holding a trial. Because this matter pertains to property divided in a previous divorce decree, and not to existing property not divided on divorce, it is governed by Chapter 9, Subchapter A of the Texas Family Code. TEX.FAM.CODE ANN. § 9.004 (Vernon 1998).

Henson contends the trial court's order is meant to clarify that under the original divorce decree, Alford had a duty to turn the frequent flier miles over to her. A trial court "may render further orders to enforce the division of property made in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order," TEX.FAM.CODE ANN. § 9.006(a) (Vernon 1998), but the trial court cannot alter or amend the substantive division of property specified in the divorce decree. TEX.FAM.CODE ANN. § 9.007 (Vernon 1998). The trial court may render a clarifying order on a finding, express or implied, that the original form of the division of property is so unspecific or ambiguous that it cannot be enforced by a contempt proceeding. TEX.FAM.CODE ANN. § 9.008(b) (Vernon 1998); *Pierce v. Pierce*, 850 S.W.2d 675, 678–79 (Tex.

App.—El Paso 1993, writ denied). Clarifying orders can be issued at the request of a party or on the trial court's own motion either before a motion for contempt is made or heard, in conjunction with a motion for contempt, or on denial of a motion for contempt. TEX.FAM.CODE ANN. § 9.008(a) (Vernon 1998). But, a clarifying order cannot be given retroactive effect, and the trial court must provide a reasonable time for compliance. TEX.FAM.CODE ANN. § 9.008(c), (d) (Vernon 1998); *see also Zeolla v. Zeolla*, 15 S.W.3d 239, 242 (Tex.App.—Houston [14th Dist.] 2000, pet. denied) (holding that a court may not give retroactive effect to a clarifying order in such a way as to subject a party to contempt immediately).

In *Traylor v. Traylor*, 789 S.W.2d 701, 703 (Tex.App.—Texarkana 1990, no writ), this Court stated, "Subsections (a) and (b) of Section 3.72 [the precursor to Section 9.008] contain language limiting them to contempt proceedings." At first blush, that statement seems to contradict the language of Section 9.008(a), which provides that a trial court may render a clarifying order at the request of a party, or on its own motion, before a motion for contempt is made. TEX.FAM.CODE ANN. § 9.008(a).

In *Traylor*, the divorce decree signed in 1984 required James Traylor to maintain medical insurance on Coy Jean Traylor until she remarried or reached age 65. *Traylor*, 789 S.W.2d at 702. Five years later, Coy Jean pursued an action seeking $165.00 per month for all the months James failed to maintain medical insurance on her and an order requiring him to continue the payments until she remarried or reached age 65. *Id.* The trial court ordered James to maintain medical insurance on Coy Jean beginning in April 1989 and continuing until she remarried or reached age 65. *Id.* We observed that an order for future payments is not an order that is enforceable by contempt. *Id.* at 703 (citing *Ex parte Duncan*, 462 S.W.2d 336 (Tex.Civ.App.—Houston [1st Dist.] 1970, orig. proceeding)). We recognized that Section 3.72 was intended to apply to property divisions enforceable by contempt. *Id.; see also Zeolla*, 15 S.W.3d at 242 (holding that Section 9.008 "deals with clarification in aid of contempt enforcement").

However, the problem with the trial court's order in *Traylor* was not that it lacked specificity. The problem was that it could not be enforced by contempt no matter how specific it was. Therefore, in *Traylor*, we were merely observing that the trial court's order could not be a clarifying order because the payments at issue were not enforceable by contempt. We recognized this in *McLaurin v. McLaurin*, 968 S.W.2d 947, 949 (Tex.App.—Texarkana 1998, no pet.), where we held that when the property division is not enforceable by contempt, clarifying orders cannot be issued.

The divorce decree in the present case was not specific enough to be enforced by contempt. For a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific, and unambiguous terms so that the person will readily know exactly what duties or obligations are imposed on him. *Ex parte Slavin*, 412 S.W.2d 43, 44–45 (Tex.1967). The divorce decree only awarded Henson the frequent flier miles; it placed no duty on Alford and therefore could not be enforced by contempt against him.

Thus, we agree with Henson that the trial court intended the order in the present case to be a clarifying order.[1] The

---

1. We express no opinion concerning whether     the trial court's order could be lawfully en-

further question is whether the trial court had to hold a trial on the merits before issuing that order. We hold it did not.

A party affected by a divorce decree that provides for a division of property may request enforcement of the decree by filing suit in the court that rendered the decree. TEX.FAM.CODE ANN. § 9.001(a) (Vernon 1998). Such a suit is governed by the Texas Rules of Civil Procedure, except as otherwise provided in Chapter 9, and any affected party is entitled to be served with notice and to file an answer. TEX. FAM.CODE ANN. § 9.001(b), (c) (Vernon 1998). Thereafter, the proceedings are conducted as in civil cases generally, TEX. FAM.CODE ANN. § 9.001(c), except that the parties are not entitled to a jury trial. TEX.FAM.CODE ANN. § 9.005 (Vernon 1998).

Under Section 9.008(a), however, the trial court may render a clarifying order on the request of a party or on its own motion. TEX.FAM.CODE ANN. § 9.008(a). Thus, Section 9.008(a) comes under the "except as otherwise provided" provision of Section 9.001(b). We overrule Alford's issues on appeal.

The judgment is affirmed.

forced by contempt or otherwise.