NO. 07-03-0206-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 17, 2003

_____

BEVERLY ANN FLOWERS BEELER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 88TH DISTRICT COURT OF HARDIN COUNTY;

NO. 16059; HONORABLE EARL STOVER, III, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Beverly Ann Flowers Beeler appeals from her conviction and sentence for tampering with a government record. We dismiss for want of jurisdiction.

On March 6, 2003, sentence was imposed pursuant to appellant's conviction for tampering with a government record. On March 31, 2003, appellant filed both a Motion for

New Trial and a Notice of Appeal Subject to Defendant's Motion for New Trial.[1]  The motions were both file-marked by the district clerk's office at 9:19 a.m.  On May 16th, the trial court signed an order granting a new trial.  On May 23, 2003, the clerk's record was filed with the appellate court.  The reporter's record was filed on July 7, 2003.

The Texas Rules of Appellate Procedure provide that once the record has been filed in the appellate court, all further proceedings in the trial court–except as provided otherwise by law or by the Rules of Appellate Procedure–will be suspended until the trial court receives the appellate-court mandate.  TEX. R. APP. P. 25.2(g).[2]

In Green v. State, 906 S.W.2d 937 (Tex.Crim.App. 1995), the Court of Criminal Appeals addressed authority of the trial court during an appeal in light of TRAP 40(b)(2), which was the predecessor to TRAP 25.2(g), and contained the same substantive provisions.  See id. at 939 n.2.  Green was convicted of capital murder and the death penalty was imposed.  On direct appeal to the Court of Criminal Appeals, the trial court record was filed on November 15, 1993.  Appellant's brief raised an issue complaining of the trial court's failure to enter written findings of fact and conclusions of law regarding appellant's motion to suppress his pretrial statement.  On October 27, 1994, the trial court made written findings concerning the admissibility of the statement.  The findings were filed with the Court of Criminal Appeals on November 23, 1994, via a Supplemental Transcript.  In holding that the trial court order setting out findings and conclusions was null and void,

---

[1]Because of our disposition of the appeal, we do not address the question of whether an appellant can conditionally invoke appellate jurisdiction.

[2]Further reference to a Rule of Appellate Procedure will be by reference to "TRAP _____."

the Court of Criminal Appeals specifically noted that under TRAP 40(b)(2), once the trial record had been filed with a Court of Appeals or the Court of Criminal Appeals, the trial court no longer had jurisdiction to adjudicate the case. Id. at 939-40.

In Lopez v. State, 18 S.W.3d 637 (Tex.Crim.App. 2000), the Court of Criminal Appeals cited Green for the proposition that once an appellate court obtains jurisdiction, the trial court loses jurisdiction. Id. at 639. The statement in Lopez that the trial court loses jurisdiction once an appellate court obtains jurisdiction has been cited as precedent and followed by some Courts of Appeals, see Cochran v. State, 78 S.W.3d 20, 26 (Tex.App.–Tyler 2002, no pet.), but not others. See State v. Kelley, 20 S.W.3d 147, 150 (Tex.App.–Texarkana, 2000, no pet.).

In Lopez, the issue was whether a remand on punishment vested the trial court with jurisdiction to consider a motion for new trial. Lopez, 18 S.W.3d at 349. The statement in Lopez that once a court of appeals *obtains* jurisdiction seemingly addressed those points in an appeal which were beyond the time the record was filed in the appellate court, and during which, therefore, TRAP 25.2(g) suspended the trial court's authority to adjudicate the case except as directed by the appellate court. The obtaining of jurisdiction referenced in Lopez would not seem to reference the time between the invoking of appellate jurisdiction by filing of the notice of appeal and the filing of the appellate record.

We conclude that TRAP 25.2(g) and Green should guide our decision. Thus, we conclude that the filing of appellant's notice of appeal invoked our appellate jurisdiction, see Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996) (the Rules of Appellate Procedure do not establish jurisdiction of courts of appeals; the Rules provide procedures

which must be followed in order to invoke appellate jurisdiction); but, because the appellate record had not been filed when the trial court ruled on appellant's motion for new trial, the trial court's jurisdiction to consider and rule on the motion had not been suspended. <u>See</u> TRAP 25.2(g); <u>Donovan v. State</u>, 68 S.W.3d 633, 635 (Tex.Crim.App. 2002) (in interpreting court rules, the plain language of the rule is a good beginning point); <u>Green</u>, 906 S.W.2d at 939; <u>Kelley</u>, 20 S.W.3d at 150. That being so, we must now determine our jurisdiction. <u>See</u> <u>State v. Roberts</u>, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996); <u>Olivo</u>, 918 S.W.2d at 523.

Appellant timely filed her motion for new trial and the trial court timely ruled on it. <u>See</u> TRAP 21.4, 21.8. The trial court's authority to enter the order granting a new trial had not been suspended. <u>See</u> TRAP 25.2(g). The order granting a new trial resulted in the judgment of conviction being set aside. Accordingly, there is no judgment or appealable order on which to base appellate jurisdiction. <u>See</u> TRAP 25.2(c)(2).

The appeal is dismissed for want of jurisdiction.


Phil Johnson
Chief Justice


Publish.