In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00273-CR
______________________________


MICHAEL KEITH MCCUGH, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 12,075


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Michael Keith McCugh, has filed with this Court a motion to dismiss his
appeal. McCugh's nonadjudicated community supervision was revoked November 9,
2005. The trial court adjudicated McCugh guilty and sentenced him to fifteen years'
imprisonment. Â On Â December Â 2, Â 2005, Â McCugh Â filed Â a Â motion Â for Â new Â trial. Â On
December 5, 2005, McCugh filed a notice of appeal. McCugh attached to his motion to
dismiss a copy of the trial court's January 5, 2006, order granting a new trial.
Â Â Â Â Â Â Â Â Â Â The filing of a notice of appeal does not divest the trial court of its jurisdiction to act
on an otherwise timely-filed motion for new trial. Beeler v. State, 122 S.W.3d 814, 816
(Tex. App.âAmarillo 2003, no pet.); State v. Kelly, 20 S.W.3d 147, 150 (Tex.
App.âTexarkana 2000, no pet.). The trial court's jurisdiction is not suspended until the
filing of the appellate record with the court of appeals. Tex. R. App. P. 25.2(g); Beeler, 122
S.W.3d at 816; Kelly, 20 S.W.3d at 150. Thus, the filing of McCugh's notice of appeal
invoked our appellate jurisdiction, but the trial court still had jurisdiction to consider and rule
on the motion for new trial because the appellate record had not been filed. See Tex. R.
App. P. 25.2(g); Beeler; 122 S.W.3d at 816; Kelly, 20 S.W.3d at 150. The information
before this Court indicates McCugh timely filed a motion for new trial and the trial court
timely ruled on it. See Tex R. App. P. 21.4, 21.8. The order granting a new trial resulted
in the judgment of conviction being set aside. Thus, based on the information before this
Court, there is no judgment or appealable order on which to base appellate jurisdiction. 
See Tex. R. App. P. 25.2(c)(2).
Â Â Â Â Â Â Â Â Â Â For the reasons stated, we dismiss McCugh's appeal for want of jurisdiction.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â January 18, 2006
Date Decided:Â Â Â Â Â Â Â Â Â January 19, 2006

Do Not Publish



dden="false"
 UnhideWhenUsed="false" QFormat="true" Name="List Paragraph"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00071-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN THE
MATTER OF THE MARRIAGE OF

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  RODNEY M. MOORE AND CYNTHIA MOORE

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 392nd
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Henderson
County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 2005B-1049

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  As
a result of the 2007 divorce of Cynthia and Rodney M. Moore in Henderson County,[1]
Cynthia was ordered to begin, on June 1, 2008, making mortgage payments on the
house awarded to her in the divorce.Â 
When she failed to make the first and subsequent payments, Rodney did
so.Â  In an enforcement action,[2]
Rodney was awarded against Cynthia the sum of $13,226.94 for the mortgage
payments for June 2008 through February 2009, and $1,500.00 in attorneysÂ
fees.Â  On appeal, Cynthia argues that the
trial court was without jurisdiction over RodneyÂs enforcement action, that his
pleadings did not support the recovery, that the ÂvoluntaryÂ nature of RodneyÂs
payments subvert any obligation of Cynthia to Rodney for reimbursement, and
that the attorneysÂ fees award was not supported by the evidence.

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the trial courtÂs judgment because (1) the trial court had jurisdiction
over RodneyÂs enforcement action, (2) no pleading defect has been preserved,
(3) Cynthia remained obligated for the mortgage payments, and (4) sufficient
evidence supports the attorneysÂ fees award.

(1)Â Â Â Â Â Â Â  The Trial Court Had
Jurisdiction over RodneyÂs Enforcement Action

Â Â Â Â Â Â Â Â Â Â Â  Cynthia
claims that the trial court was without jurisdiction to act in this case, as
the trial courtÂs order was made well more than thirty days after the original
decree was signed, that is, after the courtÂs plenary power had lapsed.[3]Â  The trial court that renders a divorce decree
retains the power to enforce the decreeÂs property division.Â  See
Tex. Fam. Code Ann. Â§ 9.001
(Vernon 2006).Â  A trial court may render
further orders to enforce the division of property made in the divorce decree
to assist in the implementation of the prior order, but the trial court cannot
alter or amend the substantive division of property specified in the divorce
decree.Â  Tex. Fam. Code Ann. Â§Â§Â 9.006(a), 9.007 (Vernon 2006); see In
re Marriage of Alford, 40 S.W.3d 187, 188 (Tex. App.ÂTexarkana 2001, no
pet.).Â  Because the decree of divorce
ordered Cynthia to make the mortgage payments beginning in June 2008,
entertaining RodneyÂs petition to enforce the decree was within the trial
courtÂs authority.Â  See Noyes v. Noyes,
04-08-00627-CV, 2009 Tex. App. LEXIS 6220 (Tex. App.ÂSan Antonio Aug. 12, 2009,
no pet.) (mem. op.) (where decree awarded wife proceeds from house sale,
enforcement action proper to compel husband to close on sale of house in
reasonable time); Joachim v. Joachim,
No. 05-06-00929-CV, 2008 Tex. App. Lexis 621 (Tex. App.ÂDallas Jan. 30, 2008,
no pet.) (mem. op.) (to enforce decree provision that parties cooperate to sell
house, trial court properly ordered wife to appear at closing).Â  We overrule this appellate issue.

(2)Â Â Â Â Â Â Â  No Pleading Defect Has Been Preserved

Â Â Â Â Â Â Â Â Â Â Â  Cynthia
also complains about alleged deficiencies in RodneyÂs pleadings.Â  Rodney filed an amended petition for enforcement
on February 6, 2009, alleging that Cynthia had failed to make mortgage payments
for the months of June, July, August, September, October, November, and
December 2008, as well as for the months of January and February 2009.Â  The petition cited the divorce decree,
wherein it had been ordered that, beginning June 1, 2008, Cynthia was to make
the mortgage payments.[4]Â  

Â Â Â Â Â Â Â Â Â Â Â  CynthiaÂs
appellate brief complains RodneyÂs pleadings to the trial court failed (a) to
cite authority in the Texas Family Code for his requested relief, (b) to allege
CynthiaÂs responsibility to make the mortgage payments, (c) to allege Rodney
made the mortgage payments, and (d) to allege a debt owed by Cynthia to
Rodney.Â  This is true; both RodneyÂs
original petition for enforcement and amended petition simply quote the
decreeÂs paragraph assigning the mortgage obligation, beginning in June 2008,
to Cynthia; list months for which Cynthia failed to make those payments; claim
Rodney is entitled to a certain amount of money; pray for a judgment in that
amount, along with interest; and pray for attorneysÂ fees.Â  Cynthia, though, never filed special
exceptions to RodneyÂs pleadings or otherwise claimed a pleading defect to the
trial court.Â  Although she cross-examined
Rodney, suggested he had made a gift of the payments, and pointed out that no
one had asked him to make them, she never argued the relief sought was not
supported by the pleadings.Â  By failing
to challenge RodneyÂs pleadings at the trial court, Cynthia waived any
complaint.Â  See Shoemake v. Fogel, Ltd., 826 S.W.2d 933, 937 (Tex. 1992)
(party who filed no special exceptions to clarify plaintiffÂs pleadings could
not claim on appeal that pleadings were insufficiently specific).Â  A party who allows an issue to be tried by
consent and who fails to raise the lack of a pleading before submission of the
case cannot later raise the pleading deficiency for the first time on
appeal.Â  Roark v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 495 (Tex. 1991); Stewart Title Guar. Co. v. Aiello, 911 S.W.2d 463, 474 (Tex.
App.ÂEl Paso 1995), revÂd & remanded
sub nom. on other grounds, 941 S.W.2d 68 (Tex. 1997).

Â Â Â Â Â Â Â Â Â Â Â  Cynthia
also argues the Âlive pleadingÂ on file as of the trial courtÂs written order
does not support the relief granted in that trial court order.Â  We do not agree with CynthiaÂs interpretation
of the record.Â  Rodney filed his original
petition for enforcement August 27, 2008, alleging Cynthia failed to make
mortgage payments in June, July, and August 2008.Â  Rodney filed an amended petition February 6,
2009, alleging CynthiaÂs failure to make mortgage payments from June 2008
through February 2009.Â  The trial court
held its hearing on this matter on SeptemberÂ 29, 2009.Â  At the hearing, Rodney testified he made
payments for each of the months of June 2008 through July 2009.Â  He also produced receipts for each of these
payments.Â  After all these payments, and
less a partial reimbursement Rodney received from the escrow account after the
loan was paid in full, Rodney said he was owed $17,952.57.Â  At the hearing, however, the trial court
verified with RodneyÂs attorney that the only pleading before the trial court
as of that date was the amended pleading from February, which claimed Rodney
was owed $13,226.94.Â  RodneyÂs attorney
made a tacit acknowledgment that his pleading should have been amended to seek
the other five monthsÂ payments Rodney testified to making, but not covered in
the amended petition.Â  The trial court
orally awarded Rodney $13,226.94, the amount sought in the amended
petition.Â  

Â Â Â Â Â Â Â Â Â Â Â  Three
months later, on December 28, 2009, Rodney filed a ÂPetition for EnforcementÂ
alleging Cynthia had failed to make the mortgage payments from March through
July 2009.Â  In her brief, Cynthia claims
this petition superseded the February 2009 amended petition, which was on file
at the time of the hearing.Â  The trial
court signed an order on the petition for enforcement, awarding $13,226.94.Â  The order found that Cynthia failed to make the
mortgage payments for June 2008 through February 2009, and made no mention of
the months March through July 2009.Â  The
trial courtÂs written judgment was in complete accord with the judgment pronounced
at the September 29 hearing.Â  There is
nothing in the record showing the December 28, 2009, petition was ever
considered or discussed by the parties or the trial court.Â  Cynthia presents no argument or authority for
her assertion that the December 2009 petition, which was not styled Âamended
petitionÂ and which alleged new payment dates not contained in the amended
petition, superseded the amended petition.[5]Â  We construe pleadings liberally, with an eye
to the pleaderÂs intent.Â  See Roark
v. Allen, 633 S.W.2d 804, 809 (Tex. 1982).Â 
Rodney had designated his February 2009 pleading an amended pleading,
but did not so designate the December 2009 pleading.Â  See
Tex. R. Civ. P. 64.Â  The dates alleged in the December 2009
pleading, and the title of that pleading, suggest a reasonable inference that
Rodney intended a new enforcement action seeking reimbursement for payments not
awarded in the trial courtÂs oral judgment of September 2009.Â  See
Tex. Fam. Code Ann. Â§ 9.001.Â  We overrule this issue.

(3)Â Â Â Â Â Â Â  Cynthia Remained
Obligated for the Mortgage Payments

Â Â Â Â Â Â Â Â Â Â Â  Cynthia
argues that, because Rodney made the mortgage payments voluntarily, no debt
from Cynthia to Rodney was created.Â  In
support of this argument, Cynthia cites Tyler
v. Tyler, 742 S.W.2d 740 (Tex. App.ÂHouston [14th Dist.] 1987, writ
denied).Â  We find CynthiaÂs reliance on
that case misplaced.Â  In the TylersÂ
divorce, a number of shares of stock were divided evenly between the two
parties.Â  But the shares had been pledged
as security for a loan issued to Mr. Tyler.Â 
The loan was not due and payable until almost three years after the
divorce; per the terms of the decree, dividends earned from the shares, which
were in the possession of the bank that had issued Mr. Tyler the loan, would be
credited toward the loan balance.Â  At the
loanÂs due date, any remaining balance was to be paid by Mr. Tyler.Â  Just a couple of months after the divorce,
Mrs. Tyler demanded her half of the stock shares; the bank sold her shares,
paid Mr.Â TylerÂs loan, and gave the rest of the proceeds of the stock
share to Mrs. Tyler.Â  Mrs. Tyler then
sued Mr. Tyler for $50,000.00, the loan amount, which the bank had withheld
from the proceeds of Mrs. TylerÂs stock shares.Â 
Id.Â  Although the trial court awarded Mrs. Tyler
most of the $50,000.00 (off-set by the dividends that would have been generated
had the bank retained the stock for the anticipated loan period), the court of
appeals held that Mrs. Tyler voluntarily paid the loan balance when she had
absolutely no obligation to do so.Â  The
appellate court pointed out that, while the loan was a community debt, it had
been signed only by Mr. Tyler and the divorce decree clearly put the obligation
for payment of the loan solely on him.Â  Id.Â 
Because Mrs. Tyler effectively caused the loan balance to be paid early,
where she had no obligation to do so, and because the divorce decree put no
obligation or liability on her for the loan, she could not then claim
reimbursement from Mr. Tyler.

Â Â Â Â Â Â Â Â Â Â Â  Conversely,
the MooresÂ divorce decree plainly ascribed to Cynthia the responsibility for
the mortgage payments commencing June 2008.Â 
Rodney testified he did not make the payments as a gift.Â  He tried to contact Cynthia in April 2008,
before her obligation to pay the mortgage went into effectÂshe returned none of
his calls, and a certified letter was returned.Â 
He monitored the mortgage account each month.Â  When it became clear to him that Cynthia was
not going to make the payments, he did so on as late a date as he could while
still avoiding having the loan go into delinquency.Â  He testified he was concerned about his credit
score, which he said could have been adversely affected if the mortgage
payments were not made; he planned to buy a house.Â  Because the instant situation is different
from that in Tyler, we do not find
its reasoning persuasive here.Â  The trial
courtÂs order of reimbursement from Cynthia to Rodney was a proper function of
the trial courtÂs enforcement authority.Â 
See Tex. Fam. Code Ann. Â§ 9.006 (Vernon 2006).

(4)Â Â Â Â Â Â Â  Sufficient
Evidence Supports the AttorneysÂ Fees Award

Â Â Â Â Â Â Â Â Â Â Â  RodneyÂs attorney offered testimony and
an itemized bill claiming RodneyÂs attorneysÂ bill was in excess of
$6,000.00.Â  The trial court awarded
Rodney only $1,500.00 in attorneysÂ fees.Â 
Cynthia complains the evidence is insufficient to support even this
award.

Â Â Â Â Â Â Â Â Â Â Â  Reviewing
the record, it appears Rodney was represented during the divorce and throughout
the enforcement action by an attorney named Cynthia Palmer.Â  At the hearing held in September 2009,
attorney Monica Peters appeared for Rodney.Â 
She announced she was appearing for Palmer, who was ill.Â  Peters told the trial court she was an
associate of Palmer, and all motions and pleadings signed by either Palmer or
Peters bear the name of the Wright law firm in Dallas.Â  CynthiaÂs attorney objected to PetersÂ
appearance before the trial court, complaining she had not filed a notice of
appearance.Â  The trial court allowed
PetersÂ participation, and she testified to attorneysÂ fees incurred.Â  Peters testified her time working on the case
amounted to $437.50 in attorneysÂ fees.Â 
She also testified to extensive work done by Palmer and legal assistants
in the firmÂs office.Â  The trial court
asked Peters why the bill was in excess of $6,000.00 for an enforcement
action.Â  Peters responded that her side
had sought to settle the case, that the case had been continued more than once,
and that significant drive time from Dallas to Henderson County was
necessary.Â  Peters also filed with the
trial court an affidavit of attorneysÂ fees, to which was attached an itemized
bill of the firmÂs time and expenses in the litigation, consistent with her
testimony.Â  Notwithstanding this
evidence, the trial court awarded Rodney $1,500.00 in attorneysÂ fees.

Â Â Â Â Â Â Â Â Â Â Â  The
trial court has discretion to award reasonable attorneysÂ fees in a proceeding
to enforce a divorce decree.Â  Tex. Fam. Code Ann. Â§ 9.014 (Vernon Supp.
2010); McKnight v. Trogdon-McKnight,
132 S.W.3d 126, 132 (Tex. App.ÂHouston [14th Dist.] 2004, no pet.).Â  A court is not mandated to award attorneysÂ
fees equal to those testified to at trial.Â 
NatÂl Mar-Kit, Inc. v. Forrest, 687 S.W.2d 457, 460
(Tex. App.ÂHouston [14th Dist.] 1985, no writ).Â 
Though Cynthia claims no attorneysÂ fees should have been awarded, we
find the trial courtÂs award of attorneysÂ fees was supported by the evidence.[6]

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  March
8, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  March
11, 2011

Â 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.Â  See Tex. GovÂt Code Ann. Â§Â 73.001
(Vernon 2005).Â  We are unaware of any
conflict between precedent of the Twelfth Court of Appeals and that of this
Court on any relevant issue.Â  See Tex. R. App. P. 41.3.

Â 





[2]As
part of the 2007 divorce decree, Cynthia had been awarded possession of the
familyÂs home, and Rodney was to make the mortgage payments through May
2008.Â  Beginning June 1, 2008, Cynthia
was ordered to make the mortgage payments.Â 
In 2009, Rodney filed a petition, and subsequently an amended petition,
for enforcement, alleging Cynthia did not make payments from June 2008 through
February 2009.Â  RodneyÂs petitions
alleged that Cynthia failed to make these payments and that Rodney was owed
$13,226.94.Â  RodneyÂs enforcement
petitions did not state that Rodney had made the mortgage payments, but at
trial he testified that he had, and he produced receipts evidencing those
payments.Â  Rodney said he made the
mortgage payments when he believed Cynthia would not, and Rodney feared damage
to his credit scores.Â  He testified he
did not intend these mortgage payments as a gift to Cynthia.Â  





[3]The
decree was initially signed May 2, 2007; a judgment nunc pro tunc was signed
June 1, 2007.Â  After announcing its order
in court September 29, 2009, the trial court signed a written order April 19,
2010.Â  





[4]Although
the record provided this Court does not include a copy of the divorce decree,
both parties have attached copies of the nunc pro tunc decree to their
briefs.Â  In her statement of facts,
Cynthia does not acknowledge her responsibility for the mortgage payments
beginning in June 2008.Â  Rather, she
correctly states that Â[u]ntil May 31, 2008,Â Rodney was to pay the
mortgage.Â  After that, in CynthiaÂs
recitation of the facts, Rodney continued to voluntarily pay the mortgage.Â  This was the position she argued before the
trial court and which she maintains on appeal.Â 
Although she does not acknowledge her responsibility to pay the mortgage
beginning in June 2008, Cynthia does not dispute this clear reading of the
decree.Â  We will treat the contents of
the nunc pro tunc divorce decree as agreed facts.Â  See
Tex. R. App. P. 38.1(g).





[5]As
such, her claim is inadequately briefed. Â Tex. R.
App. P. 38.1(i).Â  In the interest
of justice, we attempt to address her claim.





[6]We
also point out Cynthia offers no authority or argument in support of her
position.Â  She simply asserts the
evidence is insufficient and points to her trial objections attacking PetersÂ
ability to testify as custodian of her officeÂs billing records.Â  Cynthia claims Peters had little or no
personal knowledge of the itemized activities in the attorneysÂ bill.Â  An appellantÂs brief is to contain Âa clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.Â Â Tex. R. App. P. 38.1(i).Â  Notwithstanding this inadequacy, we find the
evidence sufficient to support the trial courtÂs award.