

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00056-CV

IN THE MATTER OF THE MARRIAGE OF
KRYSTAL REDDING BILLS AND BRADLEY GILL BILLS

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 81418

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

The trial court denied Krystal Redding Bills' request for a money judgment against her former spouse, Bradley Gill Bills. Krystal appeals, arguing that the trial court erred in denying her claim. We find no error and affirm the judgment.

## I. Background

Krystal and Bradley were divorced in Lamar County in July 2012. The parties entered into a property division agreement that was incorporated into the final decree of divorce. Among the property awarded to Krystal under the final decree was a "2004 Nissan Maxima motor vehicle . . . together with all prepaid insurance, keys, and title documents." The decree also divested Bradley of "all right, title, interest, and claim" in the 2004 Maxima. The final decree required Bradley to pay the promissory note to Guaranty Bond Bank that was "given as part of the purchase price of and secured by a lien on the 2004 Nissan Maxima" and to "indemnify and hold [Krystal] and her property harmless from any failure to so discharge."

Several months after their divorce was final, Krystal's daughter was in an accident in the vehicle, and it was a total loss. Although Krystal had not insured the vehicle, Bradley paid to insure it. Bradley's insurance company paid Guaranty Bond Bank the balance then owing on the note, and the rest of the proceeds of the value of the vehicle were paid to Krystal.[1] In addition, Krystal's daughter received $2,500.00 in personal injury protection benefits under Bradley's policy.

---

[1]Although there is a conflict in the testimony regarding whom the insurance company paid, the parties agree that Krystal received the proceeds.

Krystal filed a petition for enforcement of the property division alleging that Bradley had "failed and refused to reimburse [Krystal] the insurance proceeds paid to Guaranty Bond Bank by the insurance company to pay the debt of the . . . Maxima . . . ." She also alleged that, since Krystal was awarded the Maxima and the debt was awarded to Bradley, Bradley could not use her property to pay his debts.[2] Krystal asked for a money judgment against Bradley for the amount of the insurance proceeds paid to the bank. Bradley answered and filed a counter-petition for enforcement. At the final hearing, Krystal testified that she did not know how much Bradley paid to Guaranty Bond Bank, and neither party introduced competent evidence of either the amount Bradley owed or the amount of money actually paid to the bank.

## II.     The Trial Court Properly Denied Requested Relief

When no findings of fact or conclusions of law are filed or requested in a nonjury proceeding, "we infer that the trial court made all the necessary findings to support its judgment." *Paragon Indus. Applications, Inc. v. Stan Excavating, LLC*, 432 S.W.3d 542, 548 (Tex. App.—Texarkana 2014, no pet.) (citing *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam)). If the implied findings are supported by the evidence, we must uphold the judgment on any theory of law applicable to the case. *Id.* at 549; *Giangrosso v. Crosley*, 840 S.W.2d 765, 769 (Tex. App.—Houston [1st Dist.] 1992, no writ). Also, we defer to the trial court's resolution of conflicts in the evidence and its determinations of the weight to be given the testimony. *Bates v. Tesar*, 81 S.W.3d 411, 425 (Tex. App.—El Paso 2002, no pet.).

---

[2]To the contrary, Krystal did not appeal the denial of her other requested relief.

A property division agreement incorporated into a divorce decree is a contract between the parties, and its meaning and legal force and effect are governed by the law of contracts. *Traylor v. Traylor*, 789 S.W.2d 701, 703 (Tex. App.—Texarkana 1990, no writ). When construing such an agreement, we are to "ascertain the true intentions of the parties as expressed in the instrument." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983); *McPherren v. McPherren*, 967 S.W.2d 485, 490 (Tex. App.—El Paso 1998, no pet.). We examine the entire agreement and attempt to harmonize and give effect to every provision of the agreement. *Coker*, 650 S.W.2d at 393 (citing *Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 158 (Tex. 1951)). All provisions are considered with reference to the entire agreement, and no single provision, taken alone, will be given controlling effect. *Id.* If the agreement is worded such that it can be given a definite or certain legal meaning, then it is not ambiguous. *Id.*; *McPherren*, 967 S.W.2d at 490. Krystal does not assert that the agreement in this case is ambiguous.[3]

It is clear that the agreement awards Krystal the 2004 Maxima free of any right, title, interest, and claim of Bradley. It is also clear that the agreement did not award Krystal the vehicle free of any right or claim of Guaranty Bond Bank. Rather, the agreement specifically references the bank's purchase money lien and the debt owed to the bank. Further, while the agreement obligates Bradley to pay the debt owed to the bank, it does not specify when or how he is to pay it. It specifically requires him to pay the promissory note, and making the payments as they come due is one means of fulfilling that obligation. At the hearing on the parties' cross-petitions to enforce, Bradley testified that he made payments to Guaranty Bond Bank as they

---

[3]Krystal argued to the trial court that "the divorce decree is clear."

4

came due until the accident, when the proceeds from his insurance policy were used to pay the remaining balance.

In regard to insurance for the vehicle, the agreement only awards Krystal the "prepaid insurance." Krystal does not contend, and no evidence was proffered at the hearing, that the insurance proceeds she sought were from this prepaid insurance policy. The agreement does not address responsibility for insuring the vehicle after expiration of the prepaid insurance policy. Bradley purchased appropriate insurance in case the automobile sustained damage. Although there was some evidence that the bank may have required Bradley to insure the vehicle, regardless, he paid the policy premiums. As a result of his maintaining insurance, when the insurance company determined the vehicle was a total loss, it not only paid the bank the remaining balance on the note, it also paid Krystal the remaining balance of the value of the vehicle.[4] Thus, not only did the insurance policy fulfill Bradley's obligation to pay the debt, it also benefitted Krystal by paying her the equity in the vehicle.

Krystal sought a money judgment against Bradley for the amount of the insurance proceeds paid to the bank. "The elements of a breach of contract claim are: 1) existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach." *Taub v. Houston Pipeline Co.*, 75 S.W.3d 606, 615 (Tex. App.—Texarkana 2002, pet. denied). The burden is on the plaintiff to establish that she has suffered loss as a result of the defendant's breach. *Id.* at 617. She must also establish the amount of loss within a reasonable degree of certainty; the

---

[4]The exact amount paid to Krystal is not shown in the record.

5

amount may not be speculative. *Id.* In this case, there was no competent evidence proffered at the hearing of the amount the insurance company paid to the bank. Even if Krystal had a valid claim for the insurance proceeds, she failed to establish any damages, and her claim against Bradley was properly denied.

Thus, the evidence supports the trial court's implied findings that Krystal did not establish a breach of the property division agreement by Bradley and that she did not establish any damages. These findings support the trial court's take-nothing judgment in favor of Bradley.[5]

## III.    Conclusion

We affirm the judgment of the trial court.


Jack Carter
Justice



Date Submitted:       October 22, 2014
Date Decided:         November 4, 2014

---

[5]On appeal, Krystal asserts for the first time that the trial court erred in denying her relief because the facts support a judgment for money had and received and for unjust enrichment. Krystal did not assert this claim in any pleading or in argument to the trial court. If a claim is not asserted in the trial court, it may not be raised on appeal. *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993). Since this issue was not raised in the trial court, it was waived. *See Carrizales v. Tex. Dep't of Protective & Regulatory Servs.*, 5 S.W.3d 922, 925 (Tex. App.—Austin 1999, pet. denied). In addition, in her reply brief, Krystal asserts for the first time that Bradley had a duty to indemnify her against the loss of the vehicle. An appellant is not permitted to raise an issue in a reply brief that was not included in the original brief. TEX. R. APP. P. 38.3; *Tipps v. Chinn Exploration Co.,* No. 06-13-00033-CV, 2014 WL 4377813, at *4 (Tex. App.—Texarkana 2014, no pet. h.) (mem. op.). Since an issue raised for the first time in a reply brief is waived, we do not consider it. TEX. R. APP. P. 38.3.

6